NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN MARK SASEK, *Appellant.*

No. 1 CA-CR 13-0750
FILED 3-26-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-156254-001
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

¶1            Steven Mark Sasek appeals his convictions and sentences for two counts of theft of means of transportation.  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            The State charged Sasek with two counts of theft of means of transportation and one count of theft of a lawnmower.  The first count of theft of means of transportation involved a 2000 Honda automobile; the second count a trailer.  The superior court granted Sasek's motion to sever the theft of means count involving the Honda automobile.  Following a jury trial on that count, Sasek was convicted as charged.  Following a jury trial on the other counts, Sasek was acquitted of theft of the lawnmower, but the jury was unable to reach a verdict on the charge relating to the trailer.  A retrial resulted in a conviction as charged.

¶3            The superior court sentenced Sasek to the presumptive sentence of 3.5 years for the automobile theft, and to a mitigated sentence of 5.5 years for the trailer theft, to be served concurrently.  Sasek filed a timely notice of appeal, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033.[1]

### DISCUSSION

**I.      Sufficiency of Evidence of Theft of Means of Transportation (Trailer).**

¶4            Sasek argues that the superior court erred by denying his motion for judgment of acquittal on the second charge, which required proof that he used the trailer in question knowing or having reason to know it was stolen.  *See* A.R.S. § 13-1814(A)(5).  Sasek asserts in particular that the

---

[1]      Absent material revisions after the relevant date, we cite a statute's current version.

State did not establish that he knew or had reason to know the trailer was stolen.

¶5        We review the denial of a motion for judgment of acquittal and the sufficiency of the evidence to support a conviction de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011).  We view the facts in the light most favorable to upholding the jury's verdict, and we resolve all conflicts in the evidence against the defendant. *State v. Girdler*, 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983).  We do not distinguish between direct and circumstantial evidence. *See State v. Stuard*, 176 Ariz. 589, 603, 863 P.2d 881, 895 (1993).

¶6        A directed verdict of acquittal is appropriate only "if there is no substantial evidence to warrant a conviction."  Ariz. R. Crim. P. 20(a). "Substantial evidence . . . is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'"  *West*, 226 Ariz. at 562, ¶ 16, 250 P.3d at 1191.

¶7        Here, circumstantial evidence established a basis for finding that Sasek used the trailer knowing or having reason to know it had been stolen.  The victim testified that he purchased the trailer in 2008 for $2,400, and that it was stolen on June 20, 2011.  Police officers arrested Sasek on November 1, 2011, after observing him unhooking the trailer from his truck.

¶8        Sasek told police officers that his mother had purchased the trailer at least six months earlier (which was before the trailer had been stolen), for an unknown amount from a friend whose name he did not know.  When asked for his mother's address or phone number to verify the story, Sasek said his mother suffered from cancer and was in a group home, and that he did not know her phone number or address.  Given Sasek's evasive and demonstrably untrue statements, jurors could have reasonably concluded that he was not truthful in his explanations to police officers and in fact knew or had reason to know the trailer was stolen. *See State v. Fulminante*, 193 Ariz. 485, 494, ¶ 27, 975 P.2d 75, 84 (1999).

¶9        The jurors could also have inferred from witnesses proffered by Sasek at trial that he knew or should have known the trailer was stolen. *See State v. Eastlack*, 180 Ariz. 243, 258–59, 883 P.3d 999, 1014–15 (1994) (noting that a determination of the sufficiency of the evidence includes evidence presented by the defendant).  Sasek's own witnesses testified that he purchased the trailer for an abnormally low price from a convicted thief who demanded payment in cash, and that the sale took place in a

supermarket parking lot at night. Thus, even under the evidence Sasek presented, there was a sufficient basis from which to infer that he knew or had reason to know the trailer was stolen, and he was not entitled to a directed verdict of acquittal.

## II.    Sentencing Claim.

**¶10**        Sasek argues that, in imposing sentences for the two convictions, the superior court erred by considering Sasek's failure to take responsibility for the crimes in imposing sentences for the two convictions. Because Sasek failed to object at sentencing, he bears the burden of establishing fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 19–20, 115 P.3d 601, 607–08 (2005).

**¶11**        Using a defendant's lack of remorse as a sentencing factor would be fundamental error. *See State v. Trujillo*, 227 Ariz. 314, 318, ¶ 15, 257 P.3d 1194, 1198 (App. 2011). But here, we find no error, much less fundamental error. At sentencing, after Sasek made a statement that questioned the fairness of the trial and asserted his innocence, the superior court expressed a concern about Sasek's "explanation" and "discussion." But the court's remarks were addressed not to Sasek's declaration that he was innocent, but to his failure to appear for the reading of the verdict and to his argument that his attorney's stipulation that the lawnmower was not at issue in this trial "made [his] witnesses have to change their stories" and deprived him of the "whole truth" and "proper justice."

**¶12**        The court clarified its concern about Sasek's "explanation" and "discussion" by saying:

> [J]ustice was done, from my perspective.
>
> [N]o one was required to testify falsely in this case by any means. Sometimes the testimony can't include certain explanations, but that doesn't make it false. So, from my perspective, you have been properly and duly convicted on both of these offenses.

**¶13**        The court also referred to Sasek's failure to "take responsibility" and appear for the reading of the verdict:

> I also note that you didn't return to the courtroom when you knew you were supposed to. That does not help you, and given your attitude here today, that also plays into my evaluation.

You knew when you were supposed to be here, and you decided to not take responsibility and be here that day, forcing us to issue a bench warrant.

¶14 After noting—as aggravating factors—Sasek's pecuniary motivation and the harm caused to the victim whose trailer was stolen, the court imposed a presumptive sentence for theft of means of transportation (automobile), and a "slightly mitigated" sentence for theft of means of transportation (trailer). Under these circumstances, Sasek has not established fundamental error based on his assertion that the court considered improper factors in determining the appropriate sentences.

## CONCLUSION

¶15 For the foregoing reasons, we affirm Sasek's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama