NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LUIS SANDOVAL ANGULO, *Appellant.*

No. 1 CA-CR 15-0768
FILED 8-18-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-156984-001
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

¶1     This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Luis Sandoval Angulo has advised us that the entire record has been searched, and counsel has been unable to discover any arguable questions of law.  As a result, counsel has filed an opening brief requesting us to conduct an *Anders* review of the record.  Angulo was given the opportunity to file a supplemental brief but did not file one.

**FACTS[1]**

¶2     Angulo ran into a Food City store on December 2, 2014 and requested a security guard to call the police.  The police responded and met the man, later identified as Angulo, in front of the store.  The police then arrested Angulo, searched him, and found a plastic bag with what appeared to be methamphetamine.  Angulo later admitted to the police the substance was amphetamine.

¶3     Angulo was indicted for possession of dangerous drugs and possession of drug paraphernalia, amongst other charges.[2]  The State filed an allegation of prior felony convictions, a notice the offenses were committed while he was released from confinement and an allegation of aggravating circumstances.  After an unsuccessful settlement conference, the case went to trial, and the parties agreed, in response to a question from

---

[1] We view the facts in a light most favorable to sustaining the verdict.  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

[2] Angulo, who was indicted under the name, Luis Angel Angulo Sandoval and other aliases, was also charged with two counts of misconduct involving weapons, but those charges were severed, and subsequently dismissed without prejudice.

a juror, that Angulo had been lawfully arrested and searched, and the substance seized for laboratory testing was found to be methamphetamine.

¶4        After the State presented its evidence, it rested, and Angulo requested the trial court to grant a judgment of acquittal under Arizona Rule of Criminal Procedure 20.  The court heard argument and denied the motion.

¶5        Angulo then testified in his own defense.  He admitted to four prior felony convictions, which had been ordered sanitized after a hearing under Arizona Rule of Evidence 609.  He told the jury that he was a former member of the Sinaloa Cartel and that, on the night he was contacted, he took some drugs from a house occupied by the cartel to give to the police because he was attempting to leave the cartel.

¶6        The jury convicted Angulo of the two possession charges.  The jury, in the aggravation phase, also found that he was on probation at the time of these offenses.  Subsequently, the superior court found that Angulo had four prior felony convictions, and then sentenced Angulo to ten years in prison for possession of methamphetamine, and a concurrent sentence of three and three-quarter years for possession of drug paraphernalia.  He also received 325 days of presentence credit.

¶7        We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I

¶8        We have read and considered the opening brief.  We have read and considered the entire record for reversible error.  The record reveals Angulo had a lawyer at all stages of the proceedings.  The record also reveals the presence of a Spanish interpreter for Angulo at all proceedings.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

**¶9** A jury was selected and we find no improprieties in the selection or empaneling of the eight jurors and two alternates. The jury, as the finder of fact, had to resolve whether Angulo was in illegal possession of methamphetamine, or whether, as he testified, he only possessed the illegal drug to provide it to the police in the hope they would raid the cartel's house. *See State v. Piatt*, 132 Ariz. 145, 150-51, 644 P.2d 881, 886-87 (1981) (stating the jury has the discretion to determine credibility of witnesses and to evaluate the weight and sufficiency of the evidence) (citations omitted). We do not re-weigh the evidence.

**¶10** The court also denied Angulo's Rule 20 motion. We review the ruling de novo, asking "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶ 16, 250 P.3d 1188, 1191 (2011) (quoting *State v. Mathers*, 165 Ariz. 64, 66, 796 P.2d 866, 868 (1990)). Based on the evidence presented during the State's case-in-chief, the court did not err in denying the motion.

**¶11** At the end of the case, the jury was properly instructed by the trial court. We review de novo whether instructions to the jury properly state the law, *State v. Glassel*, 211 Ariz. 33, 53, ¶ 74, 116 P.3d 1193, 1213 (2005) (citation omitted), but find no error warranting a new trial.

**¶12** Finally, Angulo's sentence was within the statutory limits. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Accordingly, we find no reversible error.

## II

**¶13**     After this decision is filed, counsel's obligation to represent Angulo in this appeal has ended.  Counsel must only inform Angulo of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Angulo may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶14**     Accordingly, we affirm Angulo's convictions and sentences.



Amy M. Wood • Clerk of the court
FILED:  AA