NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN MICHAEL JONES, *Appellant.*

No. 1 CA-CR 17-0229
FILED 3-27-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201501231
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1 Steven Michael Jones appeals from his convictions for possession of dangerous drugs for sale (methamphetamine), Ariz. Rev. Stat. ("A.R.S.") § 13-3407(A)(2), and possession of narcotic drugs for sale (heroin), A.R.S. § 13-3408(A)(2), (collectively, the "sales convictions") and argues the superior court erred in denying his motion for a judgment of acquittal.[1] We disagree and affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In 2015, while working as part of a county drug task force, Officers Brad Holdway and David Cornelison were conducting surveillance of a residence. They observed Jones leave the house carrying a backpack and then drive away in an SUV with a passenger.

¶3 Officer Holdway contacted Officer Jesus Alvarez, who was working general patrol at the time, regarding the SUV. Officer Alvarez then observed Jones speeding and conducted a traffic stop. When officers Holdway and Cornelison arrived, Jones was still in the SUV. Jones exited his car and consented to a search of his person.[2] Officer Cornelison asked Jones to remove what he had in his pockets. He complied, but the officer noticed something still appeared to be sticking out of Jones' pocket. At the officer's request Jones removed a piece of tinfoil containing a burnt substance, and a plastic baggie containing .1 gram of methamphetamine.

¶4 The officers placed Jones under arrest. Officer Alvarez then performed an inventory of Jones' car, finding a gun in the center console

---

[1] The Legislature has not materially amended the relevant statutes since Jones' offenses. We therefore cite to the current version of the statutes cited in this decision.

[2] The officers initially believed Jones was another individual they were searching for whom they had a felony warrant.

and one in the backpack officers had seen Jones carrying. Inside the backpack they found various items, including a gun, .4 grams of heroin, some pills, baggies, a marijuana pipe, a small container with a small amount of marijuana, and $1,200 in cash.

¶5        Officers took Jones to the police station. At the police station Officer Holdway Mirandized Jones and began an interrogation. Jones admitted the methamphetamine and heroin the officers recovered were his, and that he used and sold methamphetamine and heroin. Specifically, he sold heroin to about five people a day, for about $10 a point, and sold methamphetamine for about $20 to $50 dollars daily.

¶6        The State charged Jones with one count of possession of dangerous drugs for sale (methamphetamine), one count of possession of narcotic drugs for sale (heroin), possession of marijuana, possession of drug paraphernalia, and misconduct involving weapons. The case went to a jury trial. At the close of the State's case, Jones moved for a judgment of acquittal on "the sales counts." Ariz. R. Crim. P. 20.[3] He argued the evidence demonstrated the methamphetamine and heroin were for personal use, not sale. The superior court denied the motion, citing the money, guns, and Jones' admissions to the officers at the station after his arrest.

¶7        The jury found Jones guilty as charged. The superior court sentenced Jones to concurrent sentences for a total term of imprisonment of 5 years.[4]

## DISCUSSION

¶8        Jones argues the superior court erred in denying his motion for a judgment of acquittal because the amount of methamphetamine and

---

[3] Jones also moved for a judgment of acquittal on the misconduct involving weapons charge, which the court denied. That issue is not before this court on appeal.

[4] After the jury's guilty verdicts, Jones entered a plea agreement in which he pled guilty to three separate felony offenses that were not part of this case. The plea agreement, however, contained stipulated sentences encompassing this case and the other felony offenses. Although Jones' sentence in this case was entered as part of the plea agreement, we have jurisdiction over this appeal because the issues on appeal that Jones raises arise from his convictions by the jury. *See* A.R.S. § 13-4033(A)(1).

heroin in his possession "at the time of his arrest" was consistent with personal use, and other evidence was "ambiguous" regarding whether the drugs were for personal use or sale. Reviewing the superior court's denial of Jones' motion for a judgment of acquittal de novo, we conclude otherwise. *State v. Escalante-Orozco*, 241 Ariz. 254, 282, ¶ 104 (2017) (de novo review).

**¶9** A defendant is entitled to a judgment of acquittal "if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence "is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of [a] defendant's guilt beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (citations omitted). We view the evidence in the light most favorable to the prosecution and ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citations omitted). Substantial evidence may be demonstrated by direct or circumstantial evidence. *State v. Borquez*, 232 Ariz. 484, 487, ¶ 11 (App. 2013).

**¶10** Substantial evidence supports Jones' sales convictions. Although the amount of drugs in his possession was consistent with personal use, a jury could have found that Jones "knowingly" possessed the methamphetamine and heroin "for sale." *See* A.R.S. §§ 13-3407(A)(2), -3408(A)(2). Jones admitted he sold methamphetamine and heroin daily. With respect to the heroin, the amount he admitted to selling was consistent with what the officers recovered. *Supra* ¶¶ 3-4. Officer Holdway testified, based on his experience conducting sales cases, that although .1 of a gram of methamphetamine was a small and common amount for a user to possess, it was also an "extremely" common saleable amount for lower level street dealers, yielding the biggest potential for profit. Similarly, he testified .4 grams of heroin was also a saleable amount at .1 grams per sale.

**¶11** Officer Holdway also testified that even absent a large quantity of drugs, other indicators of sale included the possession of baggies, a gun, and large quantities of money. He testified, for example, that unless a person is a high-end dealer, it is typical in drug sales cases to see "a decent quantity of money, or . . . a decent quantity of weight in drugs" but not both. Here, in addition to Jones' confession that he sold methamphetamine and heroin, officers recovered two guns, baggies, and $1,200 from Jones' car. Accordingly, we conclude substantial evidence supports Jones' sales convictions and, thus, the superior court did not err in denying his motion for a judgment of acquittal.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm Jones' convictions for possession of dangerous drugs for sale and possession of narcotic drugs for sale.



AMY M. WOOD • Clerk of the Court
FILED:  AA