NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT DOUGLAS ROWLEY, IV, *Appellant*.

No. 1 CA-CR 17-0395
FILED 9-26-2019

Appeal from the Superior Court in Maricopa County
No. CR2014-139487-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

DuMond & Doran, P.L.L.C., Phoenix
By Samantha Kelli DuMond
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

**¶1** Robert Douglas Rowley, IV, appeals his convictions and sentences for child molestation and sexual abuse. [1] For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** When the victim was twelve years old, she frequently babysat Rowley's children at his home.[2] In April 2008, Rowley touched the victim's breasts and vagina, and also had oral sex and sexual intercourse with her. DNA evidence later confirmed the sexual contact.

**¶3** A jury convicted Rowley of child molestation and sexual abuse, and the trial court sentenced him to 13.5 years' imprisonment and lifetime probation. Rowley timely appealed his convictions and sentences. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

---

[1] Seemingly citing Arizona Revised Statutes (A.R.S.) § 12-341.01, Rowley also states an intent to claim attorneys' fees. That claim, however, is only valid in certain civil proceedings and does not apply to criminal proceedings. *See* A.R.S. § 12-341.01.

[2] We view the facts in a light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

[3] Absent material changes from the relevant date, we cite the current version of statutes and rules.

## DISCUSSION

### I. The Admission of Nurse's Testimony Was Not Reversible Error.

¶4        After the victim informed law enforcement of Rowley's conduct, she met with a forensic nurse for a physical examination. The victim told the nurse that Rowley had sex with her and answered other questions regarding the sexual contact. The nurse testified regarding the victim's statements. Rowley objected to this testimony as inadmissible hearsay. The court overruled his objection, finding the statements admissible because they were made for a medical purpose. *See* Ariz. R. Evid. 803(4). Rowley again challenges their admission on appeal.

¶5        We review a trial court's evidentiary rulings for an abuse of discretion. *State v. Fish*, 222 Ariz. 109, 114, ¶ 8 (App. 2009). If we find an abuse of discretion, we will not reverse if the error is harmless. *State v. Sosnowicz*, 229 Ariz. 90, 98, ¶ 27 (App. 2012). An error is harmless "if the [S]tate in light of all of the evidence, can establish beyond a reasonable doubt, that the error did not contribute to or affect the verdict." *Id.* (internal quotations omitted).

¶6        Here, any potential error was harmless. After the nurse's testimony, the victim herself testified regarding the same statements she made to the nurse. Rowley had and took the opportunity to cross-examine the victim. The admission of the alleged hearsay statements, if error, was harmless. *See State v. Hoskins*, 199 Ariz. 127, 144, ¶ 66 (2000) (finding the admission of an alleged hearsay statement to be harmless when declarant testified to the statement and was cross-examined). Moreover, the court also instructed the jury that it could not consider the nurse's testimony regarding the victim's statements for identification purposes, further limiting any prejudicial effect. Even if the court committed error by admitting the alleged hearsay statements, it is evident — beyond a reasonable doubt — that they did not affect the verdicts. And on appeal, Rowely does not argue the admissibility of the nurse's testimony under Arizona Rule of Evidence 803(4) was prejudicial.

### II. The Court Did Not Abuse Its Discretion By Denying The Motion For Mistrial.

¶7        At the time of the trial, the victim was living out-of-state. The State believed the victim would testify as part of its case-in-chief. On the first day of jury selection, however, the State notified the court and Rowley that it had a "good-faith belief" that the victim would not be available to

testify.  The State told the jury during its opening statement that the victim would not testify. Two days later — on a Friday afternoon — the State informed the court and Rowley that the victim would be available to testify on the following Monday.  Rowley moved for a mistrial, arguing that he had premised his defense on the victim not being available to testify.  The court denied his motion and permitted the victim to testify.

**¶8**          On appeal, Rowley argues the denial of his mistrial motion was error.  We review the denial of a motion for mistrial for an abuse of discretion.  *State v. Welch*, 236 Ariz. 308, 314, ¶ 20 (App. 2014).  Mistrial, which is "the most dramatic remedy for trial error," should only be granted when "justice will be thwarted unless the jury is discharged and a new trial granted."  *State v. Dann*, 205 Ariz. 557, 570, ¶ 43 (2003) (internal quotations omitted).

**¶9**          In this case, we find neither error nor resulting prejudice. Although Rowley argues that "the shift in the victim's status entirely changed the landscape of the trial," the State identified the victim as a potential witness more than two years before trial.  The State also indicated that the victim would testify throughout pretrial proceedings.  Two weeks before trial, Rowley acknowledged the possibility that the victim may testify and suggested that he was preparing his defense accordingly.  He had ample time to prepare for cross-examination and identify any witnesses to counter the victim's anticipated testimony.  Further, the victim's availability was to Rowley's advantage as it enabled him to exercise his right to confrontation.

**¶10**          Even though the State told the jury that the victim would not testify, the evidence received at trial is not confined to what was stated during opening statements. *See State v. Pedroza-Perez*, 240 Ariz. 114, 116-17, ¶ 12 (2016) ("Opening statements are predictions about what the evidence will show.  At trial, things do not always go as planned.  Witnesses sometimes fail to appear, recant, change their stories, or even die before trial.").  The State stated it had a good faith belief that the victim would not appear for trial.  We find no evidence — and Rowley cites none — to suggest the State's misstatement during the opening statement was intentional or made in bad faith.  Based on the record, the denial of the mistrial motion was not an abuse of discretion.

### III.    Sufficient Evidence Supports the Convictions.

**¶11**          As stated before, Rowley was convicted of child molestation and sexual abuse.  At trial, a laboratory technician testified that he

conducted a DNA analysis of swabs taken from the victim and swabs taken from Rowley. The analysis revealed that the DNA profile from the victim's external genitals matched Rowley's DNA profile. More specifically, the external genital DNA profile matched Rowley's YSTR profile. A YSTR profile refers to a match with Rowley's Y chromosome. A YSTR profile is not specific to one male; a person's father or brother would share the same YSTR profile. Since the matched YSTR profile does not explicitly identify Rowley, he argues the State presented insufficient evidence to support his convictions.

¶12         We review the sufficiency of evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). When reviewing the evidence, we assess whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at ¶ 16.

¶13         In this case, sufficient evidence supports the child molestation conviction. The State was required to prove the defendant "intentionally or knowingly engag[ed] in . . . sexual contact . . . with a child who is under fifteen years of age." A.R.S. § 13-1410(A). The victim testified that, when she was eleven or twelve years old, Rowley intentionally placed his finger on her vagina in a sexual manner. Again, the DNA profile from the victim's external genitals matched Rowley's YSTR profile. Although the matched YSTR profile was not specific to Rowley, it did match a male in his immediate family, which would include Rowley. The victim stated she did not have sexual relations with Rowley's brothers or his father. A rational jury could have accepted the victim's testimony as truthful and found the essential elements of the crime to be proven.

¶14         The record also supports the conviction for sexual abuse. Sexual abuse, as relevant here, requires proof that the defendant "intentionally or knowingly engag[ed] in sexual contact" involving only the female breast with another person who is under fifteen years of age. *See* A.R.S. § 13-1404(A). The victim testified that, after the sexual contact, she told the forensic nurse that the defendant had made oral contact with her breasts. The DNA evidence corroborated her report; a swab of her right breast contained Rowley's DNA. In contrast to the YSTR profile, this DNA profile was specific to Rowley. The technician testified that the chances of this DNA profile matching any other person's profile was extremely low. We find no error.

**CONCLUSION**

¶15      Rowley's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA