SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, ) | Arizona Supreme Court |
| ) | No. CR-10-0306-PR |
| Appellant, ) | |
| ) | Court of Appeals |
| v. ) | Division Two |
| ) | No. 2 CA-CR 2008-0342 |
| RANDALL D. WEST and PENNY A. ) | |
| WEST, ) | Pima County |
| ) | Superior Court |
| Appellees. ) | No. CR20063310 |
| ) | |
| ) | **O P I N I O N** |
| ) | |
| _____ ) | |

Appeal from the Superior Court in Pima County
The Honorable John S. Leonardo, Judge
_____

Opinion of the Court of Appeals Division Two
224 Ariz. 575, 233 P.3d 1154 (App. 2010)

**VACATED AND REMANDED**
_____

BARBARA LAWALL, PIMA COUNTY ATTORNEY                    Tucson
     By   Jacob R. Lines, Deputy County Attorney
Attorney for State of Arizona

ROBERT J. HIRSH, PIMA COUNTY PUBLIC DEFENDER            Tucson
     By   Frank P. Leto
Attorney for Randall D. West

LAW OFFICES OF THOMAS JACOBS                            Tucson
     By   Thomas F. Jacobs
Attorney for Penny A. West
_____


**P E L A N D E R**, Justice

¶1      The issue presented is whether the same standard
governs a trial court's rulings on pre-verdict and post-verdict

motions for judgment of acquittal under Arizona Rule of Criminal Procedure 20. We hold that the same standard applies, disapproving of any contrary language in *State ex rel. Hyder v. Superior Court*, 128 Ariz. 216, 624 P.2d 1264 (1981).

## I.

¶2 Randall and Penny West were charged with child abuse after an infant in their foster care died from severe head trauma. During their joint trial, each moved for judgment of acquittal under Rule 20(a) at the close of the State's case and after the close of evidence. The trial court denied those motions. The jury then found Randall guilty of reckless child abuse under circumstances not likely to produce death or serious injury and Penny guilty of negligent child abuse under circumstances likely to produce death or serious injury.

¶3 After trial, the defendants timely renewed their motions for judgment of acquittal under Rule 20(b). The trial court granted the motions, finding that although "a rational trier of fact could find beyond a reasonable doubt that the victim's injury was caused by an act of child abuse," there was "no substantial evidence proving whether it was both or only one defendant that did so" and "no substantial evidence to establish whether either defendant permitted the injury, and, if so, which one."

¶4 The court of appeals reversed. *State v. West*, 224

2

Ariz. 575, 576 ¶ 1, 233 P.3d 1154, 1155 (App. 2010). The court concluded that, in finding "insufficient evidence to support the defendants' convictions" but without identifying any evidentiary or other legal error at trial, the trial court had improperly "re-determined the quantum of evidence in violation of *Hyder*." *Id*. at 578 ¶ 12, 233 P.3d at 1157.

¶5      We granted the defendants' petitions for review to consider what standard governs a trial court's ruling on post-verdict motions for judgment of acquittal under Rule 20(b), an issue of statewide importance that involves interpretation of one of our rules. *See State v. Aguilar*, 209 Ariz. 40, 42 ¶ 8, 97 P.3d 865, 867 (2004). We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶6      Arizona Rule of Criminal Procedure 20(a) provides that on a defendant's motion or its own initiative, a trial court "shall enter a judgment of acquittal" before the verdict "if there is no substantial evidence to warrant a conviction," and that "[t]he court's decision on a defendant's motion shall not be reserved, but shall be made with all possible speed." Rule 20(b) provides that "[a] motion for judgment of acquittal made before verdict may be renewed by a defendant within 10 days after the verdict was returned."

¶7        In *Hyder*, this Court set aside the trial court's post-verdict judgment of acquittal because the judge had cited no "legal basis" for that ruling and "gave no reasons for his finding of no substantial evidence."  128 Ariz. at 224-25, 624 P.2d at 1272-73.  *Hyder* also said that if the trial court has denied a pre-verdict motion for judgment of acquittal, "the judge may only redetermine the quantum of evidence if he is satisfied that he erred previously in considering improper evidence" and changes his "position on prior evidentiary rulings."  *Id*. at 224, 624 P.2d at 1272.  Although this language arguably is dictum, our appellate courts, including the court of appeals in this case, have applied it strictly.  *E.g., State v. Villarreal*, 136 Ariz. 485, 487, 666 P.2d 1094, 1096 (App. 1983).

¶8        For several reasons, we now disapprove of the conditions *Hyder* placed on a trial court's granting of post-verdict motions for judgment of acquittal under Rule 20(b). First, they are not grounded in the language of Rule 20 and, in fact, are inconsistent with the rule when read as a whole.  Rule 20(b) permits a defendant, after verdict, to renew a motion for judgment of acquittal made before verdict under Rule 20(a) and does not limit the trial judge in any way.  Under subsection (a), the only question is whether "there is no substantial evidence to warrant a conviction."  By imposing an additional requirement for granting post-verdict motions under Rule 20(b),

4

*Hyder* departs from the rule's language by essentially prohibiting trial judges from granting such motions even if the judge concludes that no substantial evidence supports a conviction.

**¶9** Under *Hyder*, a defendant who merely "renews" his pre-verdict motion may not obtain relief under Rule 20(b). Unless the defendant can show evidentiary, legal error during trial, a post-verdict motion is futile because the judge is confined to his denial of the pre-verdict, Rule 20(a) motion. This construct conflicts with the language of Rule 20.

**¶10** Second, *Hyder*'s qualifications lacked any supporting authority or rationale, and case law elsewhere is to the contrary. For example, federal courts (applying Federal Rule of Criminal Procedure 29(c), the counterpart to our Rule 20(b)) apply the same standard to both pre-verdict and post-verdict motions for judgment of acquittal. *See United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) ("[T]he test for determining whether to grant such a [Rule 29(c)] motion is whether at the time of the motion there was relevant evidence from which the jury could reasonably find (the defendant) guilty beyond a reasonable doubt, viewing the evidence in light favorable to the Government.") (quotation omitted); 2A Charles Alan Wright et al., *Federal Practice & Procedure* § 465 (4th ed. 2010) ("The standard on a motion after discharge of the jury is the same as

5

on a motion at the close of the government's case or of all the evidence."). Likewise, other state courts apply the same standard to pre-verdict and post-verdict motions, thus requiring the judge to grant a post-verdict judgment of acquittal if the state did not adduce substantial evidence to support a conviction. *See People v. Paiva*, 765 P.2d 581, 582 (Colo. 1988); *cf. State v. Spinale*, 937 A.2d 938, 944-45 (N.H. 2007) (stating sole question on a defendant's post-verdict motion for judgment notwithstanding a guilty verdict is whether evidence is legally sufficient to support conviction).

¶11     Third, the qualifications *Hyder* added to Rule 20(b) raise constitutional concerns. If those qualifications, strictly applied, are not met, a trial court must let a conviction stand even if it finds post-verdict no substantial evidence to warrant the conviction. But that potentiality is illogical and, more importantly, would conflict with well-settled law. *See Tibbs v. Florida*, 457 U.S. 31, 45 (1982) (stating Due Process Clause prohibits convictions based upon legally insufficient evidence); *State v. Mathers*, 165 Ariz. 64, 71, 796 P.2d 866, 873 (1990); *cf. State v. Fulminante*, 193 Ariz. 485, 492 ¶ 19, 975 P.2d 75, 82 (1999) ("[I]f the evidence at trial was insufficient to support the conviction, the charges must be dismissed.").

¶12     Fourth, *Hyder*'s limitation makes little sense from a

6

policy and systemic standpoint.  Because *Hyder* sharply limits the ability to grant a post-verdict motion under Rule 20(b), judges in close cases might err on the side of granting the defendant's pre-verdict motion under Rule 20(a), and if so, double jeopardy principles would preclude the state from challenging that ruling on appeal.  *See Smalis v. Pennsylvania*, 476 U.S. 140, 145-46 (1986).  Conversely, if judges are able to reassess the quantum of evidence after a verdict, there will be less incentive to grant pre-verdict motions under Rule 20(a).

¶13     In addition, unlike the limited special action procedure available to the state in *Hyder*, 128 Ariz. at 218 & n.3, 624 P.2d at 1266 & n.3, a statutory avenue for appellate review currently exists should a trial court grant a post-verdict judgment of acquittal.  A 1992 statutory amendment now allows the state to appeal from such a ruling.  *See* A.R.S. § 13-4032(7) (2010) (permitting state to appeal from orders granting judgment of acquittal after guilty verdict).  And if that ruling is reversed on appeal, the verdict of guilt can simply be reinstated without violating double jeopardy protections.  *See United States v. DiFrancesco*, 449 U.S. 117, 130 (1980).

¶14     For these reasons, we disavow *Hyder* to the extent it provides that a trial court may grant a post-verdict judgment of acquittal under Rule 20(b) only if the court concludes that it "consider[ed] improper evidence" and changes its "position on

prior evidentiary rulings." 128 Ariz. at 224, 624 P.2d at 1272. The standards for ruling on pre- and post-verdict motions for judgment of acquittal under Rule 20 are the same. On either motion, the controlling question is solely whether the record contains "substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a).

¶15      This question of sufficiency of the evidence is one of law, subject to de novo review on appeal. *State v. Bible,* 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993) ("We conduct a de novo review of the trial court's decision [on a Rule 20 motion], viewing the evidence in a light most favorable to sustaining the verdict."). The appropriate standards that trial courts should employ in ruling on motions under Rule 20(a) or (b) are well established but bear repeating here.

¶16      On all such motions, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mathers*, 165 Ariz. at 66, 796 P.2d at 868 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).[1]  "Substantial evidence,"

---

[1]      In view of this objective legal standard, we disavow statements in *Hyder* and other Arizona cases that a trial court's ruling on Rule 20 motions hinges on whether the court subjectively "has a conscientious conviction that the elements of the offense have not been proven." *Hyder*, 128 Ariz. at 224,

8

Rule 20's lynchpin phrase, "is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *Id*. at 67, 796 P.2d at 869 (quoting *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)). Both direct and circumstantial evidence should be considered in determining whether substantial evidence supports a conviction. *See State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996).

¶17    As we noted in *Mathers*, however, "[t]he fact that a jury convicts a defendant does not in itself negate the validity of the earlier motion for acquittal" because "[i]f it did, a jury finding of guilt would always cure the erroneous denial of an acquittal motion." 165 Ariz. at 67, 796 P.2d at 869. "[A] properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt." *Id*. (quoting *Jackson*, 443 U.S. at 317).

¶18    On the other hand, "[w]hen reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603, 944 P.2d 1204, 1217 (1997); *accord State v. Davolt*, 207 Ariz. 191,

---

624 P.2d at 1272; *see also State v. Schantz*, 98 Ariz. 200, 205, 403 P.2d 521, 524 (1965).

212 ¶ 87, 84 P.3d 456, 477 (2004). Thus, in ruling on a Rule 20 motion, unlike a motion for a new trial under Arizona Rule of Criminal Procedure 24.1(c)(1), a trial court may not re-weigh the facts or disregard inferences that might reasonably be drawn from the evidence. *See State v. Neal*, 143 Ariz. 93, 97, 692 P.2d 272, 276 (1984) (contrasting applicable standards for motions under Rule 20 and Rule 24.1); *cf. Peak v. Acuna*, 203 Ariz. 83, 85 ¶ 9, 50 P.3d 833, 835 (2002) (in ruling on a motion for new trial, judge acts as a "so-called thirteenth juror" and may grant motion if he "simply disagrees with the jury's resolution of conflicting facts" and "believes the conviction is against the weight of the evidence").

¶**19**    Finally, although Rule 20 does not require a trial court to specify reasons for granting a post-verdict motion for judgment of acquittal, we strongly encourage judges to do so. That practice will aid the parties and appellate courts, which (on any appeal from the ruling) will review de novo whether there is substantial evidence to support a conviction, applying the same standard governing trial court rulings under Rule 20. *See Bible*, 175 Ariz. at 595, 858 P.2d at 1198; *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

¶**20**    Here, the trial judge thoroughly explained his reasons for granting defendants' post-verdict motions under Rule 20(b). Because the court of appeals understandably reviewed the trial

10

court's ruling under *Hyder*'s now-discarded limitation, however, the appellate court did not determine whether the record reflects substantial evidence to warrant the convictions. We therefore remand the case to the court of appeals to address the sufficiency of the evidence and the merits of the trial court's granting of judgments of acquittal under Rule 20(b). *See State v. Rabun*, 162 Ariz. 261, 263, 782 P.2d 737, 739 (1989); Ariz. R. Crim. P. 31.19(i)(3).

## III.

¶21 The court of appeals' opinion is vacated and the case is remanded to that court for further proceedings consistent with this opinion.

_____
A. John Pelander, Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
W. Scott Bales, Justice

_____
Robert M. Brutinel, Justice

11