NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JALEN RAMON MORAGO, *Appellant.*

No. 1 CA-CR 14-0597
FILED 10-27-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-421379-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**D O W N I E**, Judge:

**¶1** Jalen Morago appeals his conviction for aggravated assault. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2** Deputy Clark spoke with a Circle K clerk about a shoplifting incident. The clerk indicated the suspected shoplifters were inside a Chevy parked just outside the store. As Deputy Clark approached the vehicle, saying, "Sheriff's office. Stop[,]" he saw Morago in the driver's seat "frantically trying to start the car."

**¶3** Morago began driving in reverse and "doing a U-turn," requiring the deputy to "backpedal" to avoid being hit. Morago then backed into a planter. Deputy Clark approached with his weapon drawn and placed his hand on the hood. Morago put the car in drive and "drove off in an erratic fashion going at an extremely high rate of speed."

**¶4** After a high-speed chase and foot pursuit, Morago was apprehended. He was charged with one count of unlawful flight from a law enforcement vehicle, a class five felony, in violation of Arizona Revised Statutes ("A.R.S.") section 28-622.01; one count of aggravated assault, a class two dangerous felony, in violation of A.R.S. §§ 13-1203(A)(2), -1204(A)(2), (A)(8)(a), (E); and one count of criminal damage, a class five felony, in violation of A.R.S. § 13-1602(A)(1), (B)(3).

**¶5** After the State presented its case-in-chief at trial, Morago moved for a judgment of acquittal as to the aggravated assault and criminal damage charges, which the court denied. The jury found Morago

---

[1] "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997).

guilty of unlawful flight and aggravated assault but not guilty of criminal damage. During the aggravation phase, the jury found that the aggravated assault involved the infliction or threatened infliction of serious physical injury.

¶6 The superior court sentenced Morago to three years' imprisonment for unlawful flight and a consecutive sentence of fifteen years' imprisonment for aggravated assault. Morago timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 Morago's sole contention on appeal is that the court erred by denying his motion for judgment of acquittal on the aggravated assault charge. We review a trial court's ruling on a motion for judgment of acquittal *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). A judgment of acquittal may be entered only if "no substantial evidence supports the convictions." *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004); *see* Ariz. R. Crim. P. 20(a). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11 (App. 2003).

¶8 As charged here, the State was required to prove that Morago used a deadly weapon or dangerous instrument to intentionally place Deputy Clark in reasonable apprehension of imminent physical injury. *See* A.R.S. §§ 13-1203(A)(2), -1204(A)(2). The State alleged that the Chevy was the deadly weapon or dangerous instrument. A dangerous instrument is "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13-105(12).

¶9 Evidence established that Morago twice drove the Chevy toward Deputy Clark, requiring him to take evasive action to avoid being struck. Regarding the first such incident, Deputy Clark testified:

A. . . . As I approached the car and I got within about an arm's length of it, the driver, Mr. Morago . . . ended up putting the vehicle in reverse. He was backing up towards his passenger side, doing a U-turn. Basically driving in reverse in a U. During that time, the front

driver's side wheel was coming directly at me where I
was caught in a backpedal away.

Q. And if you hadn't backpedaled away, were you
concerned you were going to be hit?

A. Yes.

¶10        After Morago backed into the planter, Deputy Clark
approached the vehicle. He testified:

I got all the way up [to the Chevy] and where a hood
ornament would be, I put my hand on. . . . At that time I
also had my weapon drawn, pointed at the driver. . . . I
notice [Morago] start to put the car into drive as if he's going
to gun it towards me. Knowing that he's putting it in drive,
thinking I'm going to get ran over, I . . . decided not to [shoot
the gun] for fear of the other occupants. . . . At that point, I
pushed away from the vehicle. And if I didn't push away, I
would have been ran over.

Based on the deputy's testimony, the jury could have reasonably found
that the manner in which Morago used the Chevy made it readily capable
of causing death or serious physical injury. *See* A.R.S. § 13-105(12).

¶11        The same evidence was also sufficient to establish the
remaining element of the offense. Deputy Clark testified he had a clear
view of Morago as the driver. Both times, he stood right next to the
Chevy, and Morago moved the vehicle such that evasive action was
necessary to avoid being hit. Deputy Clark testified he was afraid for his
safety "on both instances, the initial point when I backpedaled as he
reversed and when he put it in drive and rapidly accelerated."

¶12        Morago argues the State did not offer substantial evidence
that he intended to place Deputy Clark in reasonable apprehension of
imminent physical injury. Intentionally means "a person's objective is to
cause that result or to engage in that conduct." A.R.S. § 13-105(10)(a).
However, as the jury was properly instructed, "[i]ntent may be inferred
from all the facts and circumstances disclosed by the evidence." *Cf. State
v. Greene*, 192 Ariz. 431, 440, ¶ 39 (1998) (general rule is that state of mind
may be inferred from behavior at time of offense). Indeed, "[c]riminal
intent, being a state of mind, is shown by circumstantial evidence," *State v.
Routhier*, 137 Ariz. 90, 99 (1983), and neither the court nor jury need

distinguish between circumstantial and direct evidence. *See State v. Stuard,* 176 Ariz. 589, 603 (1993).

¶13        Based on the evidence presented, the jury could have reasonably inferred that Morago intended to place Deputy Clark in reasonable apprehension of imminent physical injury in order to facilitate his escape from the parking lot and avoid arrest.  In addition to Deputy Clark's testimony, the jury viewed a video from a Circle K surveillance camera that captured the second incident with the Chevy.  Additionally, Deputy Dibone testified as follows regarding his interview of Morago:

> Q. . . . [D]id you ask him why he tried to hit Deputy Clark?
>
> A.  Yes.
>
> Q.  And did he indicate that he did not want to be arrested?
>
> A.  Yes.

¶14        Substantial evidence supports the aggravated assault conviction, and the superior court did not err in denying Morago's Rule 20 motion.

## CONCLUSION

**¶15**        For the reasons stated, we affirm Morago's conviction for aggravated assault.



Ruth A. Willingham · Clerk of the Court
FILED: ama