NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LYDIA ROSIE RYAN, *Appellant.*

No. 1 CA-CR 15-0392
FILED 5-26-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201301362
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Randall M. Howe and Judge Andrew W. Gould joined.

---

J O H N S E N, Judge:

¶1              Lydia Rosie Ryan appeals her convictions and resulting sentences for possession of dangerous drugs for sale, a Class 2 felony, and possession of drug paraphernalia, a Class 6 felony.  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2              Surveillance video at a casino showed a small plastic bag fall out of Ryan's pocket, apparently without her knowledge.[1]  Suspecting the bag contained drugs, a casino employee contacted police.  In the meantime, casino staff recovered the bag.  When an officer arrived, casino staff gave him the bag and showed him the video.  The officer contacted Ryan and took her to the police station.  In her purse, police found a digital scale and a plastic container containing a crystal substance, which Ryan identified as methamphetamine.  Ryan also admitted she had more drugs on her person and handed the officer four small bags.

¶3              At trial, a crime laboratory employee testified three of the bags contained methamphetamine and that the bags weighed, respectively, 3.49 grams, 3.65 grams and 2.92 grams.  The witness also testified the plastic container held 2.73 grams of methamphetamine.  A drug sales investigation (narcotics) officer testified that the quantity of methamphetamine a suspect possesses is one of the most significant indicators of whether the person is selling drugs:  "We start looking at a sales case at usually 3.5 grams, just because that's a large quantity for just a user to have.  Generally speaking, an average user will use one-tenth of a gram of methamphetamine at a time."

---

[1]      We view the facts in the light most favorable to sustaining the verdicts and we resolve all reasonable inferences against Ryan.  *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

¶4            A jury found Ryan guilty of possession of dangerous drugs for sale and possession of drug paraphernalia.  The court sentenced her to concurrent terms of incarceration, the longer of which was five years.  Ryan timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2016), 13–4031 (2016) and –4033(A)(1) (2016).[2]

## DISCUSSION

¶5            On appeal, Ryan does not contest her paraphernalia conviction, but she argues the evidence was insufficient to support her conviction for possession of dangerous drugs for sale.  She contends the drugs could have been for her personal use, and that the State presented no evidence to show she intended to sell the drugs.

¶6            The sufficiency of evidence to support a conviction is a question of law that we review *de novo*.  *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).  We will uphold a jury's verdict when it is supported by substantial evidence.  *See State v. Scott*, 177 Ariz. 131, 138 (1993).  "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *State v. Spears*, 184 Ariz. 277, 290 (1996).  We will not reverse a conviction unless there is a "complete absence of probative facts to support [the jury's] conclusion."  *State v. Mauro*, 159 Ariz. 186, 206 (1988).

¶7            On review, we do not distinguish between the probative value of direct and circumstantial evidence.  *State v. Bible*, 175 Ariz. 549, 560 n.1 (1993).  Moreover, the State does not need to "negate every conceivable hypothesis of innocence when guilt has been established by circumstantial evidence."  *State v. Nash*, 143 Ariz. 392, 404 (1985).

¶8            Ryan was convicted under A.R.S. § 13-3407(A)(2) (2016), which requires proof a defendant knowingly possessed a dangerous drug for sale.  According to the narcotics officer who testified, possession of more methamphetamine than the typical personal-use amount is evidence the suspect possessed the drug for sale.  The officer testified the quantity possessed is the most important indicator of drug sales and any amount of methamphetamine greater than 3.5 grams may indicate possession for sale.  The officer also testified that a suspect's possession of items such as packaging materials, pay/owe ledgers or a drug scale also supports the

---

[2]            Absent material revision after the date of an alleged offense, we cite a statute's current version.

conclusion the suspect possessed the drug for sale. Additionally, the officer testified that a suspect's possession of methamphetamine without a syringe or other device by which the drug can be used can show the suspect possessed the drug for sale.

¶9          At the time of her arrest, Ryan had on her person more than 12 grams of methamphetamine, considerably more than the average personal-use amount of one-tenth of a gram. Further, the drugs were separated in small plastic bags, and according to the narcotics officer who testified, it is uncommon for a user to carry several packages of methamphetamine of varying weights. Additionally, no device was found on Ryan or in her purse by which she could have used the drug. Ryan also carried a digital scale in her purse, another indicator she was selling.

**CONCLUSION**

¶10          Based on all the evidence at trial, a reasonable juror could find Ryan was selling methamphetamine. Accordingly, we affirm Ryan's convictions and resulting sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama