NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OCTAVIO GARCIA, *Appellant.*

No. 1 CA-CR 19-0051
No. 1 CA-CR 19-0059
FILED 01-07-2020

Appeal from the Superior Court in Maricopa County
No. CR2010-133671-001
No. CR2013-003468-001
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S**, Judge:

¶1        Octavio Garcia appeals his conviction and sentence for first degree murder of an unborn child. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Garcia had been dating Ana Figueroa for several years before she became pregnant around 2013. In early 2013, Garcia and Ana had a series of arguments, primarily about money and Ana's pregnancy. In the early morning hours of March 6, 2013, Garcia called the police from a Circle K to report that Ana had been shot in the head. Police officers responded to Ana's apartment and found her lying in her bed with blood coming from the top of her head. Fire department personnel arrived shortly after and confirmed Ana was dead. Police confirmed Ana had suffered a gunshot wound to her head.

¶3        The state charged Garcia with one count of first-degree murder (Count 1), one count of first-degree murder of an unborn child (Count 2), and one count of misconduct involving weapons (Count 3), which was later dismissed. The state alleged aggravating circumstances and historical prior felony convictions and filed a notice of its intent to seek the death penalty, which it later withdrew.

¶4        At the jury trial, the state called the medical examiner who examined both Ana and her unborn child. At the end of the state's case in chief, Garcia moved for a judgment of acquittal on Count 2 under Arizona Rule of Criminal Procedure 20, which the court denied. The jury found Garcia guilty on Counts 1 and 2, and Garcia timely appealed.

## DISCUSSION

¶5        Garcia argues the trial court erred in denying his motion for judgment of acquittal on Count 2 because the state failed to establish the cause of the unborn child's death. We review a trial court's ruling on a Rule

motion for judgment of acquittal *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).

**¶6** "[T]he court must enter a judgment of acquittal on any offense charged . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a). "'Substantial evidence . . . is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *West*, 226 Ariz. at 562, ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 67 (1990)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Mathers*, 165 Ariz. at 66). "Both direct and circumstantial evidence should be considered" to determine whether substantial evidence supports a conviction when reviewing a ruling on a Rule 20 motion. *Id.*

**¶7** First-degree murder "applies to an unborn child at any stage of its development[,]" with some exceptions inapplicable here. A.R.S. § 13-1105(C). The trial court instructed the jury that this crime required proof that Garcia "intentionally or knowingly, with premeditation, caused the death of Ana[], and thereby caused the death of an unborn child."

**¶8** The state presented sufficient evidence for the jury to conclude beyond a reasonable doubt that Garcia, by causing Ana's death, also caused the death of her unborn child. The medical examiner testified that he found no indication of issues with the unborn child before Ana's death and concluded that Ana's death necessarily resulted in the death of the unborn child. He could not say with absolute certainty that the unborn child was alive when Ana was murdered, and also testified that, if the unborn child had died within a week before Ana's death, it was possible he would not be able to detect any difference. Based on the evidence, however, a jury could reasonably conclude that Garcia caused the death of the unborn child by killing Ana, which would require the trial court to deny the Rule 20 motion. *See State v. Lee*, 189 Ariz. 590, 603 (1997) ("When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and trial court has no discretion to enter a judgment of acquittal."). The trial court did not err in denying Garcia's Rule 20 motion.

**CONCLUSION**

¶9      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      JT