NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NATHAN WILLIAM KNISLEY, *Appellant.*

No. 1 CA-CR 23-0338
FILED 06-13-2024

Appeal from the Superior Court in Maricopa County
No. CR2020-115027-002
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Celeste Kinney
Alexander Clausen (certified limited practice student)
*Counsel for Appellee*

Bain & Lauritano, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1         Nathan Knisley appeals from his convictions for burglary in the second degree, fraudulent schemes and artifices, and forgery. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2         In 2019, Lisa (a pseudonym) listed her home for sale in Fountain Hills with a realtor for around $829,000. Lisa did not live in the home while it was for sale and previously rented the home for around $3,500 a month. A sign on the street stated the home was for sale.

¶3         On April 10, 2020, Lisa drove to the home to check on it, but her garage opener would not open the garage door. Lisa then tried to open the door with her key, which failed to work. Lisa also discovered the security shutters on her windows were closed, even though she had previously left them open.

¶4         Before Lisa investigated further, the garage door opened and co-defendant Julia Carmen Soto-Tatro (who is not a party to this appeal) walked out of the house. Lisa asked what Soto-Tatro was doing in her house, and Soto-Tatro presented a lease, purportedly with Lisa's signature, claiming she moved into the house. The signature on the lease was handwritten. Lisa told Soto-Tatro "that is not my signature. . . . This house is for sale," and told her husband to call the sheriff.

¶5         When police arrived, Knisley gave conflicting accounts about the property. Knisley first said he found the property via VRBO, but he later claimed to have seen a rental listing on Craigslist. At another point, Knisley claimed his cousin found the house for him. When asked to identify his cousin, Knisley struggled to remember his name, stating "I believe, Thomas." Knisley also took a significant amount of time to punch in his purported cousin's phone number, and police were unable to contact the cousin. Knisley claimed the rent was $950 for a 30-day lease-term. He also claimed he paid by money order, which he inconsistently claimed either he

or the cousin obtained. Knisley claimed he obtained the money order from a Fry's in Mesa but could neither identify the particular Fry's nor produce a receipt for the order. When asked how he entered the home, Knisley claimed a garage opener was left out front. At trial, Lisa testified she never left a garage opener out front.

¶6        While searching the house, police discovered the realtor lock box on the front of the door was missing and a handwritten sign on the front door stating "Quarentining [sic] 30 days || please do not disturb." Police also found bolt-cutters and a printer in the bedroom that did not belong to Lisa, a portable electricity-power box from SRP, and an instruction manual for filling out a residential lease in Knisley and Soto-Tatro's car.

¶7        At the conclusion of evidence at his trial, Knisley moved for a judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20(a), which the court denied. The jury convicted Knisley on all counts. Knisley appealed, and we have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

¶8        Knisely argues his convictions are not supported by sufficient evidence and that the court erred by denying his Rule 20(a) motion. When a defendant challenges the sufficiency of the evidence, we will affirm the conviction if there is "substantial evidence" to support the guilty verdict. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Likewise, we review the denial of a Rule 20(a) motion for acquittal for "whether the record contains substantial evidence to warrant a conviction." *State v. West*, 226 Ariz. 559, 562, ¶ 14 (2011) (cleaned up). "Substantial evidence is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of the defendant's guilt beyond a reasonable doubt." *State v. Gunches*, 225 Ariz. 22, 25, ¶ 14 (2010) (cleaned up). We do not reweigh the evidence to decide if we would reach the same conclusion as the trier of fact. *State v. Salman*, 182 Ariz. 359, 361 (App. 1994). Rather, "[a]ll evidence will be viewed in the light most favorable to sustaining the conviction," and we resolve all reasonable inferences against the defendant. *Guerra*, 161 Ariz. at 293.

¶9        A person commits burglary in the second degree by "entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." A.R.S. § 13-1507(A). A person is guilty of fraudulent schemes and artifices who, "pursuant to a scheme or

artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses [or] representations." A.R.S. § 13-2310(A). And a person is guilty of forgery "if, with intent to defraud, the person: [f]alsely makes, completes or alters a written instrument; or [k]nowingly possesses a forged instrument." A.R.S. § 13-2002(A)(1)–(2).

¶10        Knisley argues the State failed to prove he intended to commit a theft or felony in Lisa's home because "[n]o evidence was presented that the Appellant knew that the lease was false and that he and his girlfriend should not have been in the house." Instead, Knisley argues the plan to stay in the property and forge a lease was entirely the idea of Soto-Tatro. Knisley next argues the State did not present evidence that he obtained a benefit as required to establish fraudulent schemes. And Knisley argues only Soto-Tatro possessed and presented the lease with intent to defraud, which defeats the forgery charge.

¶11        The evidence, although circumstantial, was sufficient to support the convictions. Lisa, the homeowner, testified the home was for sale and not for rent, and Knisley had no right to be in her home. Lisa and police further testified that a sign in front of the house stated the home was for sale, she never left a garage opener outside which became disabled, the realtor lock box was missing, and the windows' security shutters were closed. The responding police officer testified Knisley could not produce a rental listing, struggled to remember his cousin's name, and could not identify the Fry's he purportedly obtained the money order from.

¶12        Knisley made conflicting statements regarding his involvement in finding and entering the home and paying rent. Based on this evidence the jury could find Knisley knew both that he lacked a right to be in the home and that the lease was false. *See State v. Bustamante*, 229 Ariz. 256, 258, ¶ 6 (App. 2012) (circumstantial evidence may support a conviction); *State v. Sullivan*, 205 Ariz. 285, 287, ¶ 8 (App. 2003) ("An intent to defraud may be, and often is, deduced from circumstantial evidence."). And when Knisley signed the lease, he exercised physical control and thereby possession of the lease. A.R.S. § 13-105(34) ("'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property."). Finally, the jury could find Knisley obtained a benefit by living in a nearly million dollar home rent-free and that signing a false lease was in furtherance of that benefit. *See State v. Watson*, 248 Ariz. 208, 213, ¶ 13 (App. 2020) (the crime of fraudulent schemes encompasses a wide range of activities). Sufficient evidence supported each of Knisley's convictions.

**CONCLUSION**

¶13        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV