NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

TERRY LEE WELFENBERG, *Appellee*.

No. 1 CA-CR 25-0177

FILED 12-30-2025

Appeal from the Superior Court in Yavapai County
No. S1300CR202300618
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Matthew Polk
*Counsel for Appellant*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1        The State appeals from the superior court's order granting Terry Lee Welfenberg's motion for judgment of acquittal of his tampering with physical evidence conviction.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Bruce (a pseudonym) lived on about 30 acres of land in rural Yavapai County.  Welfenberg lived in a trailer on Bruce's property.  A post office employee noticed that Bruce's mail had accumulated for several months and reported it to law enforcement.  In early April 2023, a sheriff's deputy went to Bruce's property to check on him.  There was no sign of Bruce, but Welfenberg was there.  Welfenberg admitted that he had broken into Bruce's house and had taken guns, but he stated that he had not seen Bruce and did not know where he was.

¶3        Several officers searched Bruce's property and found burn pits with bone fragments that appeared to be human, as well as a burned medical ID bracelet with Bruce's name.  A forensic pathologist inspected the remains and reported that he could not determine a cause of death because there were no organs or tissues and the bones were fragmented.

¶4        In late April 2023, Welfenberg was arrested for burglary. During an interview with a detective, Welfenberg admitted to hitting Bruce in the throat when they were together in a vehicle and that Bruce had died. Welfenberg stated that, after they arrived home, he burned Bruce's body.

¶5        The State charged Welfenberg with two counts of second-degree murder, two counts of intentionally killing a domestic animal, one count of abandonment or concealment of a dead body, one count of tampering with physical evidence, one count of burglary in the first degree, and one count of theft.  The tampering with physical evidence charge was based on burning Bruce's body.

2

¶6             After a four-day jury trial in February 2025, Welfenberg was convicted of two counts of manslaughter (as lesser-included offenses of second-degree murder), abandonment or concealment of a dead body, and tampering with physical evidence.[1]

¶7             In March 2025, after the verdict but before sentencing, Welfenberg moved for a judgment of acquittal on the tampering with physical evidence conviction. The motion was based on *State v. Larriba-Tucker*, 259 Ariz. 320 (App. 2025), a newly decided case that clarified the elements of tampering with physical evidence.

¶8             In *Larriba-Tucker*, this court held that a person cannot be convicted of tampering with physical evidence unless the person did so with the intent that the evidence would not be available in an official proceeding that was then pending or that the person knew was about to be instituted. *See id.* at 323–25, ¶¶ 15–20. This court noted that, unlike Arizona's hindering prosecution statute, which contemplates an intent to hinder the "*apprehension*, prosecution, conviction or punishment of another"(emphasis added), the tampering with physical evidence statute does not include an intent to prevent apprehension or investigation, even though an earlier version of the statute referenced evidence that would be unavailable for an "investigation" or for an "official proceeding." *Id.* at 324–25, ¶¶ 17–19. Clarifying that an "investigation" is not an official proceeding as contemplated by the statute, *Larriba-Tucker* reversed the defendant's conviction because there was no evidence that an official proceeding was about to be instituted when he destroyed evidence. *Id*. at 325, ¶ 20.

¶9             Based on *Larriba-Tucker*, the superior court granted Welfenberg's motion for acquittal of tampering with evidence, concluding that there was no evidence showing Welfenberg knew that an official proceeding was about to begin when he burned Bruce's body.

¶10             After the superior court sentenced Welfenberg to 15.5 years in prison for the other convictions, the State timely appealed.[2] We have jurisdiction under A.R.S. § 13-4032(7).

---

[1]     The court granted Welfenberg's pre-verdict Rule 20 motion for judgment of acquittal as to the charges of intentionally killing a domestic animal, burglary, and theft. *See* Ariz. R. Crim. P. 20(a)(1).

[2]     Welfenberg also appealed, and his appeal is pending in cause number 1 CA-CR 25-0141.

## DISCUSSION

¶11        We review the ruling on a motion for a judgment of acquittal de novo, viewing the evidence in the light most favorable to the prosecution. *State v. West*, 226 Ariz. 559, 562, ¶¶ 15–16 (2011). The superior court *must* enter a judgment of acquittal after the verdict if "there is no substantial evidence to support the verdict." Ariz. R. Crim. P. 20(b)(2). "Substantial evidence is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004). The relevant inquiry is whether any rational factfinder "could have found the essential elements of the crime beyond a reasonable doubt," when viewing the evidence in the light most favorable to the State. *West*, 226 Ariz. at 562, ¶ 16 (citation omitted).

¶12        Under A.R.S. § 13-2809(A)(1), a person commits tampering with physical evidence by destroying, mutilating, altering, concealing, or removing physical evidence with the intent to impair its verity or availability and with the intent that it be "unavailable in an official proceeding which is *then pending* or which such person *knows is about to be instituted*." (Emphasis added.) An official proceeding is defined as "a proceeding heard before any legislative, judicial, administrative or other governmental agency or official authorized to hear evidence under oath." A.R.S. § 13-2801(2).

¶13        Here, neither party disputes that no official proceeding was then-pending because Welfenberg was not arrested until after Bruce's remains were discovered. So the only issue is whether the evidence shows that Welfenberg knew an official proceeding was "about to be instituted" when he burned Bruce's body.

¶14        In closing argument, the prosecutor asserted that "[Welfenberg] intended that [Bruce] be unavailable in any official proceeding which he knew was about to be instituted, like a murder trial. So he's obviously guilty of [tampering with physical evidence]." The prosecutor cited evidence of the burn pit with the wallet, the medical alert bracelet with Bruce's name, and the charred bones. The prosecutor noted that Bruce was missing for a few months and that Welfenberg did not tell law enforcement or make a missing person report.

¶15        None of the State's evidence pointed to Welfenberg's knowledge that an official proceeding was about to be instituted. To the contrary, the evidence suggested that Welfenberg burned the victim's body long before even an investigation, much less an official proceeding like a

prosecution, ensued. Mail had accumulated for months before anyone became concerned about Bruce's safety, and officers searching Bruce's residence found calendars open to March 2022, more than a year before the April 2023 investigation began. Although the prosecutor argued that Welfenberg dragged Bruce's body to the burn pit "to make sure it's not found" and that he intended the evidence be unavailable in an official proceeding, there was no evidence that Welfenberg knew that any such proceeding was imminent or "about to be instituted." Accordingly, there was no substantial evidence to support the jury's tampering with physical evidence verdict. The superior did not err by granting Welfenberg's motion for judgment of acquittal.

**CONCLUSION**

**¶16**        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR