NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BINH PHUONG NGUYEN, *Appellant.*

No. 1 CA-CR 25-0261

FILED 04-29-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202401396
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

_____

**H O W E**, Judge:

¶1        Binh Phuong Nguyen appeals his conviction and sentence for perjury. For the reasons below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In June 2023, a Yavapai County deputy with a K-9 stopped Nguyen for traffic violations. Nguyen was driving the car with another adult in the passenger seat and two children in the back. After the deputy's dog alerted to the car, he searched the car and found "a kilogram of cocaine," "about a thousand pills," and a firearm. After being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), Nguyen told the deputy that the adult passenger ("co-defendant") knew about the pills. The deputy arrested both Nguyen and his co-defendant.

¶3        In a subsequent interview, Nguyen told police that he and his co-defendant agreed to transport drugs and met a drug dealer in a parking lot to collect the drugs. Nguyen told the officers that, after they received the agreed upon drugs, his co-defendant specifically asked for additional pills. He then explained that the drug dealer did not have pills with him, so they followed him to his house and picked up the additional pills.

¶4        Nguyen pled guilty to attempted sale or transportation of narcotics, a class 3 felony; child abuse, a class 4 felony; misconduct involving weapons, a class 4 felony; and possession of drug paraphernalia, a class 6 felony. After his sentencing and while incarcerated, Nguyen testified under oath at his co-defendant's trial. Contrary to his earlier statements, he testified that the drug dealer "tossed in" the pills for free and that his co-defendant did not know about the pills. He testified that he lied when he told police that his co-defendant asked for the pills and they went to a house to get them.

¶5        Shortly after his testimony, the State charged Nguyen with perjury, a class 4 felony. At trial, the State introduced the deputy's body camera footage from the arrest including his conversation with Nguyen,

video of Nguyen's interview with police, and his testimony from his co-defendant's trial. Further, the officer who arrested and interviewed Nguyen testified that Nguyen told him that his co-defendant knew about the pills. To support its theory that Nguyen knew he was lying under oath, the State also introduced messages between Nguyen and his co-defendant obtained after the traffic stop. The messages discussing getting a "brick," "2 O," a "boat," "stompin[g] on" and selling something unnamed. The officer testified that a brick is "a kilo of illicit drugs," an O is an ounce of drugs, a "boat" is a thousand pills, and that "[s]tomping is, essentially, kind of breaking the drugs down . . . to make more of that illicit drug[], so that way you can sell more."

¶6        After the State's case-in-chief, defense counsel moved for a judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20. Counsel argued that the State failed to present substantial evidence supporting a conviction and claimed Nguyen was lying when he made his statements to the police, rather than lying during his testimony. The court denied the motion, finding that substantial evidence supported the State's case.

¶7        Nguyen did not testify or call any witnesses. The jury found him guilty of one count of perjury. The court sentenced Nguyen to two-and-a-quarter years' imprisonment to run concurrently with his existing sentence. Nguyen appealed and we have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4033(A).

## DISCUSSION

¶8        Nguyen argues that the court erred in denying his motion for acquittal under Rule 20 and that the jury's verdict was not supported by substantial evidence. He claims that his "statements as to whether his Co-Defendant knew there were drugs in the vehicle and which types and kinds there were was immaterial to that case" and that perjury requires a false statement about a *material* fact. Nguyen relies on A.R.S. § 13-2702(A)(1)'s definition of perjury.

¶9        We review de novo both sufficiency of the evidence and the denial of a Rule 20 motion. *State v. Buccheri-Bianca*, 233 Ariz. 324, 334 ¶ 36 (App. 2013); *State v. Goudeau*, 239 Ariz. 421, 461 ¶ 168 (2016). "[W]e view the evidence in the light most favorable to sustaining the verdict, . . . resolve all inferences against defendant," *State v. Spears*, 184 Ariz. 277, 290 (1996), and do not "reweigh evidence or reassess the witnesses' credibility," *Buccheri-Bianca*, 233 Ariz. at 334 ¶ 38. In considering a motion pursuant to

Rule 20, "the controlling question is solely whether the record contains 'substantial evidence to warrant a conviction.'" *State v. West*, 226 Ariz. 559, 562 ¶ 14 (2011) (quoting Ariz. R. Crim. P. 20(a)). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Rivera*, 226 Ariz. 325, 327 ¶ 3 (App. 2011) (citation omitted). "[W]hen reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *West*, 226 Ariz. at 563 ¶ 18 (citation omitted). Similarly, if jurors could reasonably differ whether the evidence establishes the necessary facts, that evidence is sufficient to sustain a conviction. *See State v. Davolt*, 207 Ariz. 191, 212 ¶ 87 (2004).

¶10　　　　The State charged Nguyen with perjury under A.R.S. § 13-2702(A)(1), which requires proof that a person made "[a] false sworn statement in regard to a material issue, believing it to be false." A material issue is one that "could have affected the course or outcome of any proceeding or transaction." A.R.S. § 13-2701(1).

¶11　　　　The evidence supported that Nguyen committed perjury. As the admitted body camera and interview footage shows, Nguyen first told officers that his co-defendant knew of the pills and organized the operation. Then he testified under oath that his co-defendant did not know about the pills because the drug dealer included them for free. But the State introduced messages between Nguyen and his co-defendant that a reasonable person could understand as them planning the purchase and sale of drugs. *See supra* ¶ 5. And the State confronted Nguyen with the inconsistencies between his earlier statements in evidence and his testimony, giving him the opportunity to clarify why his testimony did not match the evidence. The evidence was sufficient for "reasonable persons," *Rivera*, 226 Ariz. at 327 ¶ 3, to believe Nguyen knowingly made "[a] false sworn statement" in his testimony, A.R.S. § 13-2702(A)(1), and was therefore guilty.

¶12　　　　Regarding materiality, knowledge is an element of sale or transportation of narcotic drugs, sale or transportation of dangerous drugs, and possession of drug paraphernalia, all charges the State was attempting to prove against his co-defendant. A.R.S. §§ 13-3407(A)(7), -3408(A)(7), -3415(A). Thus, Nguyen's testimony about his co-defendant's knowledge of the drugs was material. *See* A.R.S. § 13-2701(1).

¶13　　　　A reasonable person could accept the evidence presented by the State as sufficient to find that Nguyen knowingly falsely testified at his

co-defendant's trial about material facts. *See* A.R.S. § 13-2702(A)(1) (setting forth the elements of perjury); *Rivera*, 226 Ariz. at 327 ¶ 3. The evidence was sufficient to support Nguyen's conviction and the court did not err.

## CONCLUSION

¶14        We affirm.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:        JR