NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MARK HODGE, *Appellant*.

No. 1 CA-CR 20-0295
FILED 3-30-2021

Appeal from the Superior Court in Maricopa County
No. CR 2019-114052-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David R. Cole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

**B R O W N**, Judge:

**¶1**        Mark Hodge appeals from his conviction and sentence for misconduct involving weapons, challenging the sufficiency of the evidence. Because substantial evidence supports the conviction, we affirm.

## BACKGROUND

**¶2**        We view the evidence in the light most favorable to sustaining the verdict, resolving all inferences against Hodge. *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).

**¶3**        White was searching for his missing girlfriend and went to an apartment where he had once seen her. He knocked on the door, and a man—later identified as Hodge—answered. Hodge yelled at White to go away, and the two men continued arguing as White began walking away. White turned back to see Hodge standing in the doorway, holding a gun by his right side. White said Hodge "made sure" the gun was visible.

**¶4**        Sheehan, Hodge's fiancée at the time, testified at trial pursuant to an immunity agreement. At the time of the incident, Hodge had lived with Sheehan for a couple of months. She said she heard a knock at the door and asked the person to identify himself, but when no one answered, Hodge opened the door. White asked if his girlfriend was there, but Hodge told him she did not live there. White became angry and tried to barge into the door, but Hodge was able to close it. Shortly thereafter Hodge opened the door again to ensure White had left.

**¶5**        White called the police and told them about the gun. Officers arrived within five minutes and knocked on Sheehan's door. Sheehan gave them permission to search the apartment and told them the gun was underneath stuffed animals behind the bed. The police found the gun there and took it as evidence.

**¶6**        Sheehan gave an audiotaped interview to police at the scene, explaining that after closing the door on White, Hodge grabbed a gun

because he was afraid Sheehan was being threatened. Hodge had a gun when he came to the door the second time, but he held it behind the door when opening it, so White did not see the gun. Sheehan said Hodge cut his hand when he racked the gun at the door. In her interview with defense counsel, however, she said Hodge was cleaning the gun at their apartment earlier that morning. He racked the gun, cutting himself, then put it away underneath the stuffed animals.

¶7   Hodge testified he heard a knock at the door and asked who it was, but after receiving no response he opened it enough to recognize the man at the door. Hodge told him to leave, but White tried to force his way in. Hodge claimed he cut his hand during the scuffle and that as Sheehan came near the door, he grabbed the gun she was holding and set it down. But Hodge had earlier told police he never held or touched the gun at any point.

¶8   Officer Jerry testified that Hodge's left palm was bleeding when they arrived, and Hodge had blood on his shirt. Officer Vidrio added that Hodge was the only party with an injury, and the gun had fresh blood on it. Officer Vidrio explained that in her experience, cuts to the inside palm are a common injury from racking a gun.

¶9   A jury found Hodge guilty, and the court sentenced him to ten years in prison. This timely appeal followed.

**DISCUSSION**

¶10   We review de novo whether sufficient evidence supports the jury's verdict. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We look to "whether the record contains substantial evidence to warrant a conviction." *Id*. at ¶ 14 (quotation omitted). Substantial evidence is that which "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Id*. at ¶ 16 (quotation omitted). "Both direct and circumstantial evidence should be considered." *Id*.

¶11   The State had the burden to prove beyond a reasonable doubt that Hodge "knowingly possess[ed] a deadly weapon" and that he was a "prohibited possessor" at the time. A.R.S. § 13-3102(A)(4). Hodge challenges only the first prong, asserting that reasonable inferences drawn from conflicting evidence do not support a finding that he possessed the gun found in Sheehan's apartment. *See* A.R.S. §§ 13-105(10)(b) (defining "knowingly"), -105(34) (defining "possess" as to "have physical possession or otherwise to exercise dominion or control over property").

¶12        The record includes substantial evidence that Hodge knowingly possessed a gun. White testified he saw Hodge holding a gun, which was why he called police. Although Sheehan's narrative of the incident was inconsistent at different points, two of her statements involved Hodge possessing a gun. She told police that Hodge grabbed the gun during the incident, and she told defense counsel that Hodge was cleaning the gun earlier in the day before hiding it. There was fresh blood on the gun when police found it and Hodge was the only person who had been bleeding. Moreover, police found the gun exactly where Sheehan said Hodge had hidden it. Ample evidence supports the conviction and thus we reject Hodge's contention that because conflicting testimony was presented at trial, the jury could only speculate as to which testimony was credible. *See State v. Lee*, 189 Ariz. 608, 615 (1997) (appellate courts do not reweigh the evidence on appeal).

**CONCLUSION**

¶13        We affirm Hodge's conviction and sentence.

