NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

v.

MIGUEL CRISTOBAL CERRANO,
*Appellant.*

No. 1 CA-CR 20-0075
1 CA-CR 20-0076
1 CA-CR 20-0077
(Consolidated)
FILED 5-18-2021

Appeal from the Superior Court in Maricopa County
No.  CR2017-154796-001
CR2019-100859-001
CR2017-129593-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Margaret M. Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

**¶1**        Miguel Cristobal Cerrano appeals his convictions and sentences for two counts of aggravated assault and one count of misconduct involving weapons.  Cerrano also appeals two probation violation matters.  The three appeals were consolidated.  After searching the entire record, Cerrano's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Cerrano filed a supplemental brief in propria persona.  Finding no reversible error, we affirm Cerrano's convictions and sentences.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        In January 2019, two Phoenix police officers attempted to stop Cerrano while he was riding his bike because he fit the description of a suspect in an unrelated case.  Cerrano did not stop.  Instead, he fled down an alley while pointing a revolver at the officers.  The officers requested backup and pursued Cerrano to a residential house.  After twenty minutes, Cerrano surrendered to police and was arrested.  Officers recovered a silver revolver from the backyard.

**¶3**        In CR2019-100859, the State charged Cerrano with assaulting the two officers by placing them in reasonable apprehension of imminent physical injury (Counts 1-2) and misconduct involving weapons (Count 3). *See* A.R.S. §§ 13-1204(A)(2), (F), -3102(A)(4).  The State agreed to sever the charge of misconduct involving weapons (Count 3).

**¶4**        During jury selection, Cerrano's counsel raised a *Batson* challenge to two of the State's preemptory strikes.  *See Batson v. Kentucky*,

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia,* 186 Ariz. 493, 495 (App. 1996).

476 U.S. 79 (1986). The State gave race-neutral reasons for the strikes and Cerrano did not assert that the reasons were pretextual. *See State v. Gay*, 214 Ariz. 214, 220, ¶ 17 (App. 2007) (noting third step in *Batson* challenge requires the party challenging the strike to "persuade the trial court that the proffered race-neutral explanation is pretextual"). The court denied the challenge.

¶5 The State presented testimony from five police officers. After the State rested, Cerrano's counsel moved for judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20. The court denied the motion, reasoning that the State presented sufficient evidence to meet the elements for all counts. Cerrano did not testify or call witnesses. The jury found Cerrano guilty as charged on Counts 1 and 2. Cerrano then pled guilty to misconduct involving weapons (Count 3).

¶6 The trial court conducted the sentencing hearing in compliance with Cerrano's constitutional rights and Rule 26. Cerrano admitted to having two prior felony convictions. The court sentenced Cerrano to 15.75 years imprisonment on Count 1, 15.75 years on Count 2, and 10 years on Count 3, all to be served concurrently. The court awarded Cerrano 372 days of presentence incarceration credit.

¶7 On the probation matters, the court found Cerrano in automatic violation of his probation due to his convictions in the CR2019-100859 case. In CR2017-154796, the court sentenced Cerrano to 1.25 years in prison with 94 days of presentence incarceration credit. In CR2017-129593, the court sentenced Cerrano to 1.25 years in prison with 98 days of presentence incarceration credit. The court ordered both sentences to run concurrently to each other but consecutive to the sentence in CR2019-100859.

¶8 Cerrano timely appealed and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.    Issues Raised by Cerrano.

¶9 Cerrano raises several issues on appeal, including: (1) the police officers' interview was not recorded; (2) the weapon was not found on Cerrano's person; (3-4) the weapon was not fingerprinted or tested for DNA evidence; and (5-6) the police officer initially said the revolver was black, not silver. The issues raised by Cerrano go to the weight of the evidence presented to the jury. We do not reweigh the evidence on appeal.

*State v. Lee*, 189 Ariz. 590, 603 (1997). After considering the entire record, we conclude the convictions are supported by substantial evidence.

## II.      Fundamental Error Review.

**¶10**         Our review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the record reveals that counsel represented Cerrano at all stages of the proceedings. Ariz. R. Crim. P. 19.2. There was sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Cerrano is guilty of the charged offenses. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The jury was properly comprised of twelve members, *see* A.R.S. § 21-102(A), and there is no evidence the prosecutor's peremptory strikes were "solely based upon race," *see Gay*, 214 Ariz. at 220, ¶ 17. The trial court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses. The court received a presentence report. Ariz. R. Crim. P. 26.4. At sentencing, Cerrano was given an opportunity to speak and the court stated on the record the evidence and factors it considered in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701, -702, -703, -708, -711.

## CONCLUSION

**¶11**         We affirm Cerrano's convictions and sentences.

**¶12**         Upon the filing of this decision, defense counsel shall inform Cerrano of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Cerrano shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

