NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TERRENCE RANDLES, *Appellant.*

No. 1 CA-CR 20-0490
FILED 9-2-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-138365-001
The Honorable Roy C. Whitehead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

_____

**P E R K I N S**, Judge:

¶1          Terrence Randles appeals his conviction and sentence for sale or transfer of a narcotic drug. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          In April 2018, an undercover detective purchased heroin from a drug dealer ("Carlos") in a strip mall. The detective refrained from arresting Carlos in order to investigate the heroin's source.

¶3          The detective returned to the strip mall two weeks later and solicited more heroin from Carlos. After exchanging money, Carlos entered the detective's vehicle and directed the detective to a parking lot across the street, where Randles stood.

¶4          Carlos exited the vehicle and approached Randles. Randles reached into his backpack and engaged in a "hand-to-hand" exchange with Carlos. Carlos returned to the detective's vehicle and handed heroin to the detective. Carlos walked away, and Randles rode his bicycle to a nearby gas station. Officers surveilling the transaction followed Randles and arrested him.

¶5          The State charged Randles with one count of sale or transfer of a narcotic drug, a class 2 felony. At the end of trial, Randles requested a unanimity instruction, requiring the jurors to unanimously agree which act—Randles's transfer of heroin to Carlos as a principal or Randles's involvement as an accomplice to Carlos's sale to the detective—amounted to a sale or transfer. The court denied Randles's request.

¶6          The jury convicted Randles, and the superior court sentenced him to a mitigated term of 14 years' imprisonment to run concurrently with another unrelated sentence. Randles timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶7        Randles raises three issues on appeal. He contends (1) he faced a duplicitous charge, (2) the superior court erred in denying his request for a unanimity instruction, and (3) insufficient evidence supports the State's accomplice liability theory.

**I.        Duplicitous Charge**

¶8        Randles first argues he faced a duplicitous charge. We review whether a criminal charge is impermissibly duplicitous *de novo*. *See State v. Ramsey*, 211 Ariz. 529, 532, ¶ 5 (App. 2005).

¶9        A duplicitous charge occurs when "the text of an indictment refers only to one criminal act, but multiple alleged criminal acts are introduced to prove the charge." *State v. Klokic*, 219 Ariz. 241, 244, ¶ 12 (App. 2008). A charge is not "duplicitous merely because it charges alternate ways of violating the same statute." *State v. O'Brien*, 123 Ariz. 578, 583 (App. 1979). Rather, a single unified offense, or an alternative-means statute, "identif[ies] a single crime and provide[s] more than one means of committing the crime." *State v. West*, 238 Ariz. 482, 489, ¶ 19 (App. 2015) (cleaned up).

¶10        Here, Randles did not face a duplicitous charge. The State charged him with a single count of sale or transfer of a narcotic drug under A.R.S. § 13-3408(A)(7). The terms "sale" and "transfer" in § 13-3408(A)(7) represent different ways of committing the same offense. *State v. Brown*, 217 Ariz. 617, 621–22, ¶ 10 (App. 2008). Both the State's theories, that Randles sold or transferred a narcotic drug by transferring heroin to Carlos as a principal or acting as an accomplice to Carlos's sale to the detective, arise from the same act but are alternative means of committing one crime.

¶11        Randles argues that even if transfer or sale of a narcotic drug is a single unified offense, he faced a duplicitous charge because the State introduced evidence of multiple acts. *See* A.R.S. § 13-3408(A)(7). We disagree. The two concepts may overlap when the State charges the defendant with one offense under an alternative-means statute and then alleges multiple, distinct acts as to the separate means. *See West*, 238 Ariz. at 494, ¶ 40. But even assuming, without deciding, the State presented multiple acts, "there is no reasonable basis for distinguishing between the acts" because the "multiple acts alleged by the [State] constitute a single criminal transaction." *See id.* at 494–95, ¶ 40 (cleaned up). We agree with the superior court that the purported multiple-acts evidence challenged by

Randles amounts to a single criminal transaction. Randles thus did not face a duplicitous charge.

## II.        Unanimity Instruction

**¶12**        Randles next argues the superior court's denial of his request for a unanimity instruction potentially resulted in a non-unanimous verdict. We review the superior court's denial of a requested jury instruction for an abuse of discretion. *See State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014).

**¶13**        When a duplicitous charge is submitted to a jury, the superior court must act to ensure a unanimous verdict by instructing the jury to agree on which act constitutes the crime. *Klokic*, 219 Ariz. at 244, ¶ 14. But here, the charged offense of sale or transfer of a narcotic drug was not duplicitous. As such, the superior court did not err in refusing Randles's request for a unanimity instruction. *See State v. Encinas*, 132 Ariz. 493, 496 (1982) (jury is not required to agree unanimously upon the precise manner the defendant committed an offense).

## III.        Insufficient Evidence

**¶14**        Finally, Randles argues insufficient evidence supports the State's accomplice liability theory. We review the sufficiency of evidence *de novo* and assess whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. West*, 226 Ariz. 559, 562, ¶¶15–16 (2011).

**¶15**        To convict Randles, the State needed to prove that he knowingly transported for sale; offered to transport for sale; sold, transferred, or offered to sell or transfer a narcotic drug; or acted as an accomplice in such a transaction. *See* A.R.S. §§ 13-3408(A)(7), -303(A)(3). An accomplice is someone who intends to aid or counsel another person in planning or committing an offense or "[p]rovides means or opportunity to another person to commit the offense." A.R.S. § 13-301(2), (3).

**¶16**        Sufficient evidence supports the State's accomplice liability theory. After the detective solicited heroin, Carlos instructed the detective to drive across the street to Randles. Carlos and Randles then engaged in a hand-to-hand exchange moments before Carlos handed heroin to the detective. A reasonable juror could thus infer that Randles promoted or facilitated the transaction or provided the means for its occurrence. *See id.*

## CONCLUSION

¶17        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA