NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS EDWARD HEERING, *Appellant.*

No. 1 CA-CR 21-0385
FILED 3-24-2022

Appeal from the Superior Court in Yavapai County
No.  V1300CR202080215
V1300CR201980342
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David R. Cole
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1        Thomas Edward Heering appeals his conviction and sentence for disorderly conduct.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        One evening in April 2020, state troopers pulled Heering over for driving a motorcycle with a suspended license plate.  After also learning that Heering's driver's license had been revoked, the troopers called a tow truck to impound the motorcycle.

¶3        Tow truck driver A.F. arrived at the scene and observed Heering pull out a knife and flip it open.  A.F. noticed the knife before the troopers did, and when he saw Heering pull out the knife, he backed up twenty to thirty feet and put his hand on the gun he was carrying.  A.F. told the friend he was with to back up as well.  The troopers drew their weapons and ordered Heering to drop the knife and get on the ground.  He immediately dropped the knife and eventually got on the ground.

¶4        The State charged Heering with three counts of aggravated assault against a peace officer, class 2 dangerous felonies (counts 1-3), two counts of disorderly conduct, class 6 dangerous felonies (counts 4 and 5), driving on a revoked license, a class 1 misdemeanor (count 6), and misconduct involving weapons, a class 4 felony (count 7).  Heering plead guilty to count 6, and the superior court severed the trial of count 7.

¶5        A jury convicted Heering of counts 1, 2, and 5 and acquitted him of counts 3 and 4.  The superior court sentenced Heering to five years in prison for count 1, five years in prison for count 2, and 3.75 years in prison for count 5, and ordered the sentences to be served concurrently.  Heering timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, -4033(A)(1).

**DISCUSSION**

**¶6**      Heering argues his conviction for count 5 should be vacated because the superior court erred by denying his Arizona Rule of Criminal Procedure ("Rule") 20 motion. *See* Ariz. R. Crim. P. 20(a)(1) ("After the close of evidence on either side, and on motion or on its own, the court must enter a judgment of acquittal on any offense charged in an indictment, information, or complaint if there is no substantial evidence to support a conviction."). According to Heering, the disorderly conduct charge failed because there was no evidence that he "held the knife recklessly with the intent to disturb A.F.'s peace, or with the knowledge of doing so." *See* A.R.S. § 13-2904(A)(6) ("A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person . . . [r]ecklessly handles, displays or discharges a deadly weapon or dangerous instrument."); A.R.S. § 13-105(10)(c) ("'Recklessly' means . . . that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.").

**¶7**      We review the denial of a Rule 20 motion de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Substantial evidence is "proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *Id.* at ¶ 16 (citation omitted). "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997). We view the facts in the light most favorable to sustaining the verdicts, and resolve all conflicts in the evidence against the defendant. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013); *State v. Bustamante*, 229 Ariz. 256, 258, ¶ 5 (App. 2012). "[I]n reviewing the sufficiency of the evidence, we do not distinguish circumstantial from direct evidence." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 11 (App. 2013).

**¶8**      Here, substantial evidence supports the jury's verdict. The State provided testimony that when A.F. saw Heering pull out the knife, he backed himself and his friend twenty to thirty feet away and put his hand on the gun he was carrying. A.F. testified that he put his hand on his gun in response to seeing Heering's knife, and that the entire incident disturbed his "peace and quiet." Although Heering did not make any gestures with the knife or say anything while holding it, those facts do not compel a conclusion that the evidence was not substantial, as Heering suggests. Nor

does it matter that A.F. was not "in the line of fire" or within striking distance of the knife. The evidence supported the jury's conclusion that Heering, "with intent to disturb the peace . . . or with knowledge of doing so," recklessly handled or displayed the knife in A.F.'s presence. *See* A.R.S. § 13-2904(A).

**¶9** Because substantial evidence reasonably supported a conclusion that Heering committed disorderly conduct, the superior court properly denied Heering's Rule 20 motion.

## CONCLUSION

**¶10** For the foregoing reasons, Heering's conviction and sentence are affirmed.

