NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JODIE LEE GOLLIHAR, *Appellant.*

No. 1 CA-CR 21-0437
FILED 1-26-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202001085
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1        Jodie Lee Gollihar appeals his convictions and sentences for possession of dangerous drugs and drug paraphernalia.  After searching the entire record, Gollihar's defense counsel identified no arguable question of law that is not frivolous.  In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Gollihar was given an opportunity to file a supplemental brief *in propria persona* but has not done so.  Finding no reversible error, we affirm Gollihar's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On September 26, 2020, Gollihar was involved in a fight and taken to Kingman Medical Center.  At the hospital, a Mohave County Sheriff's Office deputy found a round, metal container with a clear lid in Gollihar's pants pocket.  The container held a crystalline substance that tested positive for methamphetamine.

¶3        The State charged Gollihar with (1) possession of dangerous drugs (methamphetamine), a class 4 felony, under A.R.S. § 13-3407(A)(1); and (2) possession of drug paraphernalia (methamphetamine), a class 6 felony, under A.R.S. § 13-3415(A).[1]  The superior court conducted a jury trial on August 24, 2021, during which the deputy and a forensic scientist testified.

¶4        At trial, the deputy testified about finding a round container in Gollihar's left, front pant pocket that contained a crystal-like substance. The State then introduced the container and substance found on Gollihar. A forensic scientist testified about testing the substance and confirmed it was methamphetamine.  The court denied Gollihar's motion under Arizona

---

[1] The State originally also charged Gollihar with aggravated assault, a class 4 felony, but moved to dismiss that charge before trial.

Rule of Criminal Procedure ("Rule") 20 and the jury convicted Gollihar as charged.

**¶5** At sentencing, the court found that the State had proved four prior felony convictions and that Gollihar was a category three repetitive offender. The court sentenced Gollihar to a presumptive ten-year term of imprisonment for count one, and a presumptive three-and-three-quarter-year concurrent term of imprisonment for count two.

**¶6** Gollihar timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7** Our review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Rules, and the record reveals that counsel represented Gollihar and Gollihar was present at all stages of the proceedings. *See* Ariz. R. Crim. P. 6.1, 19.2. The State presented sufficient evidence from which the jury could determine Gollihar's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The jury was comprised of eight members. *See* A.R.S. § 21-102(B). The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses. The court received a presentence report. Ariz. R. Crim. P. 26.4. The court afforded Gollihar an opportunity to speak at sentencing, imposed sentences within the statutory limits, and stated on the record the evidence and factors it considered in imposing the sentences. *See* A.R.S. §§ 13-701, -703; Ariz. R. Crim. P. 26.9-26.10.

**CONCLUSION**

**¶8** We affirm Gollihar's convictions and sentences. Upon the filing of this decision, defense counsel shall inform Gollihar of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Gollihar shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA