NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MARK ANTHONY WILSON, *Appellant.*

No. 1 CA-CR 23-0307
FILED 06-06-2024

---

Appeal from the Superior Court in Mohave County
No.  S8015CR202200428
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

**M O R S E**, Judge:

¶1  Mark Anthony Wilson appeals his convictions and sentences for four counts of sexual conduct with a minor and one count of sexual abuse with a minor. After searching the entire record, Wilson's defense counsel identified no non-frivolous arguable question of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Wilson was given an opportunity to file a supplemental brief *in propria persona* but did not do so. Finding no reversible error, we affirm Wilson's convictions and sentences and modify the sentencing minute entry to reflect that the conviction for count six of the indictment was for a class 3 felony.

### FACTS AND PROCEDURAL BACKGROUND

¶2  In April 2022, a grand jury indicted Wilson on six counts of sexual conduct with a minor and a single count of sexual abuse. The counts involved four victims, "PW," "PB," "RM," and "CH."[1] The superior court granted the State's motion to dismiss the counts involving PB prior to trial. Wilson rejected the State's plea offer after a settlement conference, and in May 2023, the court held a four-day jury trial.

¶3  PW was Wilson's biological daughter. PW was 17 years old at the time of the incident in March 2022. PW testified that, on the date of the incident, Wilson entered her bedroom as she slept, pulled down her clothing, and penetrated her vagina with his penis. PW further testified that Wilson engaged in this conduct with PW for hours.

¶4  RM was one of PW's closest friends. RM testified that in March 2020, when she was 14 years old, she was in bed with PW and awoke

---

[1]  We use victim identifiers in place of the victims' names to protect the victims' identities. Ariz. R. Sup. Ct. 111(i).

to find Wilson touching her. RM testified that Wilson touched her under her clothing and underwear. Wilson then touched and rubbed RM's vagina and clitoris under her underwear.

**¶5** CH's mother lived with Wilson. CH testified that in March 2022, when she was 10 years old, she was at Wilson's home when Wilson convinced her to sit on his lap while she played a video game. As she did so, Wilson placed his hands in CH's pants and touched her vagina over her underwear.

**¶6** The court granted Wilson's motion for judgment of acquittal on one count of sexual conduct with a minor involving PW. The jury found Wilson guilty of the three remaining counts of sexual conduct with a minor and one count of sexual abuse. The jury further found the counts of sexual conduct with a minor involving RM and CH were dangerous crimes against children ("DCAC") based on the victims' ages. *See* A.R.S. § 13-705(T)(1)(e). The jury also found aggravating circumstances in that all victims suffered physical or emotional harm.

**¶7** The court conducted the sentencing hearing in compliance with Wilson's constitutional rights and Arizona Rule of Criminal Procedure ("Rule") 26. The court found Wilson's lack of prior felony convictions and the support of his friends and family were mitigating circumstances but sentenced Wilson to aggravated and consecutive terms on all counts—eight years for each non-DCAC count, and 22 years for each DCAC count. The court also awarded 468 days of presentence incarceration credit. *See* A.R.S. §§ 13-705(K), -1405(B).

**¶8** The sentencing minute entry dated July 17, 2023, however, contains an error. The minute entry identifies count six of the indictment, sexual abuse of a minor under the age of 15, as a class 2 felony. Sexual abuse of a minor under the age of 15 is a class 3 felony. A.R.S. § 13-1404(C). While the original indictment erroneously identified the offense as a class 2 felony, the error was corrected when the trial court amended the indictment to identify the offense as a class 3 felony.

## DISCUSSION

**¶9** "We construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998). In our review of the record, we do not reweigh the evidence, and we resolve any conflict in the evidence in favor of sustaining the verdict. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶10**          We review Wilson's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Wilson has advised this Court that after a diligent search of the entire record, counsel has found no arguable questions of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All proceedings were conducted in compliance with the Rules, and the record reveals that Wilson was present at all critical stages of the proceedings and represented by counsel. *See* Ariz. R. Crim. P. 6.1, 19.2. The State presented sufficient evidence from which the jury could determine Wilson's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The jury was comprised of 12 members. *See* A.R.S. § 21-102(A). The court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses.

**¶11**          The court received a presentence report. Ariz. R. Crim. P. 26.4. The court afforded Wilson an opportunity to speak at sentencing, imposed sentences within the statutory limits, and stated on the record the evidence and factors it considered in imposing the sentences. *See* A.R.S. §§ 13-705, -1404(A), -1405(A); Ariz. R. Crim. P. 26.9–26.10. Pursuant to A.R.S. § 13-4037, we correct the sentencing minute entry to reflect that the conviction for count six of the indictment was for a class 3 felony.

## CONCLUSION

**¶12**          For the foregoing reasons, we affirm Wilson's convictions and sentences and modify the sentencing minute entry. Upon the filing of this decision, defense counsel shall inform Wilson of the status of the appeal and of Wilson's future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Wilson shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

