NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTONIO PASQUAL AGUILAR SANCHEZ, *Appellant*.

No. 1 CA-CR 24-0109

FILED 02-04-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-124791-001
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Emily Tyson-Jorgenson
*Counsel for Appellee*

Zhivago Law PLLC, Phoenix
By Kerrie Droban Zhivago
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

_____

**P E R K I N S,** Judge:

¶1        Antonio Pasqual Aguilar Sanchez appeals his conviction for aggravated assault of a child under 15 years old. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        We view the evidence in a light most favorable to upholding the jury's verdict. *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). In July 2022, Savanah (a pseudonym) and her mother ("Mother") left their house to go on a car ride. Savanah, who was 12 at the time, is autistic and nonverbal. Mother's father ("Grandfather") was at the house that day and waited on the front porch for Savanah and Mother to enter the car, which was parked in the driveway.

¶3        Mother placed Savanah in the rear passenger-side seat and started walking toward the driver seat. Grandfather, still on the front porch, shouted for Mother to get into the car and lock the door because a stranger, later identified as Aguilar Sanchez, was approaching Savanah's door. Aguilar Sanchez was holding an ice pick and screwdriver. A handkerchief masked his face. Mother rushed into the driver's seat and locked the door. She caught a glimpse of Aguilar Sanchez just as he pulled on Savanah's door handle. Aguilar Sanchez then moved behind the car, blocking Mother from backing out of the driveway.

¶4        Aguilar Sanchez then approached Grandfather, who was still standing on the porch. Mother called 911 after Aguilar Sanchez started stabbing the patio post with the ice pick and screwdriver. He returned to the car, tapped on Savanah's window with his tools, and attempted to open her door. Savanah screamed when Aguilar Sanchez tried to open the car door a second time. When the door did not open, he moved toward the front of the car, allowing Mother to back into the street and drive away towards police officers who had been dispatched to the scene.

¶5         Officers arrested Aguilar Sanchez without incident. Aguilar Sanchez did not physically injure anyone and caused no property damage aside from the pillar he stabbed with his screwdriver.

¶6         Aguilar Sanchez went to trial on three counts: two counts of aggravated assault and one count of aggravated assault against a child under 15. Mother, Grandfather, and the police officers who responded to the 911 call testified. During the State's case-in-chief, the jury heard Mother's recorded 911 call, which included Savanah screaming while Aguilar Sanchez approached her car door and attempted to open it. But Mother testified Savanah made those screams because she was impatient, not in response to Aguilar Sanchez's attempt to open the car door. Mother also testified that Savanah's autism prevented her from understanding the danger she was in.

¶7         After the State rested its case, Aguilar Sanchez moved for acquittal on the counts against Mother and Savanah under Arizona Rule of Criminal Procedure ("Rule") 20(a)(1), arguing the State presented insufficient evidence that he behaved in a threatening manner toward them. He also argued he could not have committed aggravated assault against Savanah because she lacked the capacity to feel reasonable apprehension. The court denied both motions, proceeded with the trial, and the jury convicted Aguilar Sanchez as charged.

¶8         Aguilar Sanchez appeals and we have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶9         On appeal, Aguilar Sanchez does not dispute his convictions as to Mother and Grandfather. He argues only that the State presented insufficient evidence as to the aggravated assault count against Savanah and the superior court thus erred in denying his motion for a directed verdict on that count. We review the superior court's Rule 20 decision *de novo*. *State v. Thompson*, 252 Ariz. 279, 301, ¶ 86 (2022).

¶10        "After the close of evidence on either side . . . the court must enter a judgment of acquittal on any offense charged in an indictment . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of [the] defendant's guilt beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (cleaned up). Our role is to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." *State v. Parker*, 231 Ariz. 391, 407, ¶ 70 (2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The superior court must submit the case to a jury when "reasonable minds may differ on inferences drawn from the facts." *State v. Haywood*, 257 Ariz. 445, 454, ¶ 35 (App. 2024).

**¶11** The jury found beyond a reasonable doubt that (1) Aguilar Sanchez intentionally placed Savanah in reasonable apprehension of imminent physical injury, (2) he used a deadly weapon or dangerous instrument to aggravate the assault, and (3) Savanah was under the age of 15. A.R.S. §§ 13-1203(A)(2), -1204(A)(2), -705(T)(1)(b).

**¶12** "Either direct or circumstantial evidence may prove the victim's apprehension." *State v. Wood*, 180 Ariz. 53, 66 (1994). The victim need not "testify to actual fright or apprehension." *State v. Felix*, 237 Ariz. 280, 289, ¶ 32 (App. 2015).

**¶13** Aguilar Sanchez contends Mother's testimony about Savannah's reaction demonstrates there was insufficient evidence to support the conviction. He analogizes his case to *State v. Baldenegro*, 188 Ariz. 10 (App. 1996). In *Baldenegro*, we reversed the superior court's denial of a motion for directed verdict finding that the State presented insufficient evidence of an alleged victim's apprehension when he did not hear any shots fired, did not see a gun pointed at him, and did not react to the shooting. *Id.* at 13–14. Aguilar Sanchez's analogy fails because he incorrectly equates the conflicting evidence in this case with the complete lack of evidence in *Baldenegro*. The jury heard Mother's testimony regarding Savanah's screams but also heard the screams from Mother's 911 call. Despite Mother's testimony, a reasonable jury could conclude from the sounds on the 911 call that Aguilar Sanchez placed Savanah in reasonable apprehension of imminent harm. *See Felix*, 237 Ariz. at 289, ¶ 32 (testimony that 16-month-old child could hear gunshots and started crying in response was sufficient to establish the child's reasonable apprehension of physical harm). The superior court did not err by denying Aguilar Sanchez's Rule 20 motion.

**CONCLUSION**

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:        JR