NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JIMMY J. FERNANDEZ, *Appellant.*

No. 1 CA-CR 25-0045

FILED 12-26-2025

Appeal from the Superior Court in Maricopa County
No. CR2024-111536-001
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

COUNSEL

Zhivago Law PLLC, Phoenix
By Kerrie Droban Zhivago
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

**M O R S E**, Judge:

¶1　　　　Jimmy Fernandez appeals his convictions for Possession and Use of Narcotic Drugs and Possession and Use of Dangerous Drugs. Having searched the record and found no non-frivolous questions of law, counsel for Fernandez asks us to search the record for fundamental error. *See Anders v. California*, 386 U.S. 738 (1967); *State v. Leon*, 104 Ariz. 297 (1969). Fernandez had the opportunity to file a supplemental brief *in propia persona* but did not do so. Finding no reversible error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　Phoenix Police contacted Fernandez in March 2024 because he matched the description of a suspicious male reported for peering into parked vehicles. Fernandez admitted to possessing about 200 fentanyl pills and a loaded firearm. The officers searched him and ultimately found a total of 764 fentanyl pills, approximately one ounce of methamphetamine, and the loaded firearm.

¶3　　　　The State charged Fernandez with Possession of Narcotic Drugs for Sale, Misconduct Involving Weapons (prohibited possessor), Misconduct Involving Weapons (furtherance of a drug sale), and Possession or Use of Dangerous Drugs. Before trial, the court severed the prohibited possessor count. At trial, the jury found Fernandez guilty only of the lesser-included charge of Possession or Use of Narcotic Drugs and the charge of Possession or Use of Dangerous Drugs, and acquitted him of the Misconduct Involving Weapons count. The jury also found his possession of a firearm to be an aggravating factor. The State dismissed the prohibited possessor count after trial. The court sentenced Fernandez as a category three repetitive offender after finding Fernandez had seven prior felony convictions. For both counts, the court imposed concurrent 12-year aggravated sentences with 326 days of presentence credit.

¶4　　　　As a result of the convictions, the court found Fernandez in automatic violation of his felony probation in three other cases. The court revoked probation and imposed concurrent presumptive sentences in those cases, to run consecutive to the sentences imposed in this case.

¶5　　　　Fernandez timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21, 13-4031, and -4033.

## DISCUSSION

**¶6** The record reveals that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure. The State presented sufficient evidence from which the jury could determine Fernandez's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses, and there is no evidence of reversible juror misconduct. Counsel represented Fernandez at all stages of the proceedings, and the superior court imposed sentences within the statutory range, with proper credit given for presentence incarceration.

## CONCLUSION

**¶7** We have read and considered counsel's brief and fully reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300–01. We affirm Fernandez's conviction and sentence.

**¶8** Upon the filing of this decision, defense counsel shall inform Fernandez of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Fernandez shall have thirty days from the date of this decision to file, if he desires, an *in propia persona* motion for reconsideration or petition for review. *See* Ariz. R. Crim. P. 31.3(a), 31.20(c), 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR